[Civ. No. 317. Third Appellate District.—May 21, 1907.]

PUTNAM VISHER, Administrator of Estate of SEBASTIAN VISHER. Deceased, Appellant, v. I. R. WILBUR, Respondent.

STATUTE OF LIMITATIONS —ACCOUNT STATED—UNPAID INTEREST ON BARRED NOTE PAID AND SURRENDERED.—Where at the time of stating an account purporting to be for unpaid interest on a note which was barred by the statute of limitations, and which had been fully paid and surrendered more than six years prior to such account stated, the cause of action for such interest is barred by section 337 of the Code of Civil Procedure.

ID.—EFFECT OF ACCOUNT STATED—OPERATION OF STATUTE.—As soon as an account ceases to be open and the balance is ascertained and assented to, it becomes a stated account, and the balance is at once subject to the operation of the statute.

ID.—EVIDENCE UPON ACCOUNT STATED—BAR OF STATUTE.—Upon the theory that the action was for money had and received upon an account stated, any evidence relevantly bearing upon the alleged bar of the statute pleaded in the answer was admissible to show that the account stated was for interest on a barred note.

ID.—TRUST THEORY OF COMPLAINT—VARIANCE—PROOF OF RELATION OF DEBTOR AND CREDITOR.—A trust theory of the plaintiff as to the

money evidenced by the promissory note is at variance with evidence showing simply and only the relation of debtor and creditor between the parties, and that the particular transaction from which the alleged indebtedness arose was in no manner impressed with the qualities of a trust.

ID.—ACKNOWLEDGMENT OF DEBT—NEW PROMISE—LETTERS WRITTEN TO HEIR—SUBSEQUENT APPOINTMENT AS ADMINISTRATOR.—Assuming that letters written by the supposed debtor to a single heir of the creditor, who at the time was not a representative of the estate, or authorized to bind it, contained language which, if written to the creditor or his personal representative, would constitute a sufficient acknowledgment to take the debt out of the operation of the statute, they could not have that effect, there being no privity of contract between the debtor and the heir; and the subsequent appointment of the heir as administrator could not have the effect to revive the right of action because of such prior letters.

ID.—REVIVAL OF BARRED CLAIM—WRITING ESSENTIAL—EXPRESS OR IMPLIED PROMISE—UNEQUIVOCAL ACKNOWLEDGMENT OF DEBT.—In order to revive a claim which is barred by statute, a writing is essential, and it must contain either an express or implied promise to pay an existing debt. In the absence of an express promise, the acknowledgment must be unequivocal, and must contain a direct and unqualified admission of an existing debt for which the party is liable, and which he is willing to pay.

ID.—INSUFFICIENT ACKNOWLEDGMENT—VAGUE AND CONDITIONAL DECLARATION.—A vague, indeterminate and conditional declaration in a letter that if the estate has any valid claim against the writer he will pay it if he ever gets money enough to do so does not constitute an acknowledgment from which even a conditional promise to pay the specific debt declared upon can be implied.

ID.—PLEADING—EVIDENCE—VARIANCE IN PROMISE.—Where one new promise is set forth in the complaint, the plaintiff cannot recover upon proof of another.

ID.—CLAIM AGAINST ESTATE—CREDIT OF ACCOUNT SUED UPON—SUBSISTING DEBT NEGATIVED.—A claim presented by the defendant against the estate, allowing a credit for the account sued upon, and showing a balance due from the estate to the defendant, does not show an acknowledgment of any subsisting debt as to such account, but expressly negatives such inference.

ID.—FINDING UPON BAR OF STATUTE—RULING UPON EVIDENCE WITHOUT PREJUDICE.—Where a finding that the cause of action was barred by the statute of limitations is supported by the evidence, any rulings upon evidence which was offered and received on the merits of the case, having no relation to the plea of the statute, whether erroneous or not, were without prejudice.

APPEAL from a judgment of the Superior Court of San Joaquin County.   W. B. Nutter, Judge.

The facts are stated in the opinion of the court.

A. H. Carpenter, for Appellant.

S. D. Woods, for Respondent.

HART, J.—The complaint in this action alleges: " . . . That on or about the 1st day of January, 1894, one Sebastian Visher deposited and left with the defendant, I. R. Wilbur, the sum of $1,722.77, lawful money of the United States, upon the express agreement and condition that the same should be held by the said I. R. Wilbur in trust for the said Sebastian Visher, and should draw interest from the time of such deposit to the time of payment at the rate of seven per cent per annum, and that the same should be paid to the said Sebastian Visher upon his demand therefor." Following this allegation is an averment that on the first day of April, 1896, the defendant rendered to the deceased an itemized statement, showing the original balance due from said defendant to said Sebastian to be the sum of $1,993.95, and also showing various items of expenditure made by defendant for and on account of said intestate of plaintiff, aggregating the sum of $1,309.60, leaving, at the time of the rendering of said statement, the sum of $684.35 still due and unpaid.  It is this last-mentioned sum which the plaintiff in his complaint alleges to be the money held by defendant in trust for the benefit and use of his intestate during the lifetime of the latter.  By the complaint we are informed that Sebastian Visher died intestate on the fifteenth day of November, 1898, in San Joaquin county, and that on the twenty-eighth day of December, 1903, the plaintiff, having previously made due application therefor, was granted, by the superior court of San Joaquin county, letters of administration upon the estate of said deceased.  It is alleged that, after his appointment as such administrator, the plaintiff made demand upon the defendant for payment to and settlement with him, as such representative of the estate of the deceased, of the amount shown to be the balance due said estate by the statement rendered to deceased in his lifetime by said defendant.

The answer denies that the defendant is or was indebted to the deceased at the time of his death or at any other time, or to the estate of said deceased, in the sum mentioned in the complaint, or in any other amount. It is alleged that the defendant, prior to the death of said Sebastian Visher, paid to the latter all moneys due said Visher from defendant. There are other allegations in the answer directly declaring that certain specified sums of money were expended by the defendant for and on behalf of the deceased previous to his death, at the latter's request, and that, in addition to such expenditures, the defendant permitted the deceased, during his life, and for a long time prior to his death, to collect and appropriate to his own use the rents of a certain house in the city of Stockton, of which defendant was the owner, the total sum of said rents so collected by deceased being $465.00; that it was at all times understood between them that the rents so collected "should be applied in payment on account, or in full, as the case might be, of any moneys on any account whatever due from the said defendant to the said Sebastian Visher." The answer also pleads the statute of limitations, in "that said action is barred by the provisions of section 337 of the Code of Civil Procedure."

The defendant had judgment, from which, upon a bill of exceptions, plaintiff presents this appeal.

The evidence taken consisted mainly of the testimony given by. the defendant. The court found that "it is not true that on or about the 1st day of January, 1894, Sebastian Visher deposited and left with the defendant the sum of $1,722.77 . . . or any other sum upon any agreement or condition that the same should be held by the defendant in trust for said Sebastian Visher; that it is not true that on or about the first day of April, 1896, or at any other time, the said defendant made or gave to said Sebastian Visher a statement in writing of the amount of moneys held by him in trust for said Sebastian Visher as set forth and alleged in said complaint or otherwise." The third finding of the court is as follows: "It is true that on or about the first day of April, 1896, the said defendant made and gave to Sebastian Visher the written statement of account in the words and figures as set forth in said complaint, and that said written statement of account was made and given by the said defendant to said Sebastian Visher as the written statement of account of the

amount then due from the said defendant to said Sebastian Visher on account of moneys theretofore due to said Sebastian Visher from said defendant as the interest remaining unpaid upon a certain promissory note theretofore existing between the said defendant and said Sebastian Visher for the sum of $12,000.00. That the said written statement of account was made and given by said defendant to said Sebastian Visher, notwithstanding the fact that on the 9th day of August, 1890, the said defendant paid said Sebastian Visher the sum of $7,475.00 as the balance on said promissory note less the said sum of $1,722.77, and received from the said Sebastian Visher a receipt in the words and figures as follows: 'Stockton, August 9th, 1890. Recd. of I. R. Wilbur the sum of Seven thousand and four hundred and seventy-five dollars in full of all demands to date. S. Visher.' and received from said Sebastian Visher the said promissory note." Findings 4 and 5 are to the effect that, subsequent to the making and giving of said written statement of account the defendant paid to said Sebastian, or for and on his account, various sums of money, amounting in the aggregate to the sum of $329.84, and that said Visher collected and kept for his own use rents for the house of defendant in the total sum of $465.00, and that in addition thereto, the defendant gave to and paid out on account of said Visher other sums of money, aggregating in amount between $2,000 and $3,000. It is found by the court that the expenditures by defendant to and for the deceased involved in the last-mentioned sum "were not given or paid out on account of the said written statement of account, but were gifts made by the said defendant to the said Sebastian Visher, and not otherwise." The court also finds "that the said cause of action set forth in said complaint is barred by the provision of section 337 of the Code of Civil Procedure of this state."

It would serve no useful purpose to present or attempt an elaborate review of the facts established by the evidence contained in the record. It may, however, be well to remark, as affording some explanation of the reason for the gifts found by the court to have been made by the defendant to the deceased, in the latter's lifetime, that the defendant was the son in law of the deceased; that the most amiable and cordial personal relations appeared to have always existed between them—in fact, their personal relations seem to have

been marked by unusual filial affection for and toward each other. There had been carried on by and between them business dealings for many years, and the evidence indicates that it was the desire of the defendant at all times to aid and assist his father in law to prosper in business. We have closely examined the record, and think the findings of the trial court are abundantly supported by the evidence.

That the cause of action set forth in the complaint is barred by the provisions of section 337 of the Code of Civil Procedure, we think the evidence clearly establishes. The language of that section is to the effect that the time within which an action may be commenced "upon any contract, obligation, or liability founded upon an instrument in writing executed in this state," shall be four years after such cause of action shall have accrued.

Counsel for appellant alleges in his complaint, and he argues in his briefs the case principally from that standpoint, that the relations existing between the defendant and the deceased in the latter's lifetime were, as to the money to recover which this action is brought, those of trustee and *cestui que trust;* or, in other words, that said money was deposited by the deceased with the defendant upon the express understanding and condition that the same should be held in trust by defendant for the benefit and use of said Sebastian Visher. There is much force in the suggestion of counsel for the respondent that, upon the theory that the object of the action is the enforcement of a trust, there results such a wide variance between the allegations of the complaint and the proofs that a judgment responding to that issue would find exceedingly frail, if any, support from findings founded upon the evidence presented by the record. The evidence indisputably shows the relations of the parties to have been at all times nothing more than the ordinary relations of debtor and creditor, and that the particular transaction from which the alleged indebtedness arose was in no manner impressed with the qualities of a trust. There is nothing in the written statement of account, as pleaded in the complaint, from which it may be inferred that the moneys to which it relates were deposited with the defendant to be by him held in trust for the deceased. On the contrary, the statement, upon its face, is of a character to indicate that it was only intended as an adjustment of certain accounts between the parties. The

prayer of the complaint, while, of course, not the test for the determination of the appropriate relief demanded by the allegations of the complaint, in effect asks for a judgment for money had and received on account stated. The evidence, the court finds, shows that the transaction involving the execution of the promissory note by the defendant to the deceased was closed on the 9th of August, 1890, on which day the defendant paid to Visher the sum of $7,475, and received from the latter the note and a receipt acknowledging payment "in full of all demands to date." The defendant testified that, about two years after the circumstance of the payment by him to Visher of the sum of $7,475.00, the latter visited him at his office in San Francisco, and declared that he had spent all his money and was therefore without means; that he was apprehensive that he would not leave, upon his death, sufficient means with which to defray his funeral expenses, etc. The defendant thereupon assured Visher that he (defendant) would attend to the matter of funeral expenses, and that he (Visher) would never want for the necessities of life while he lived so long as defendant had means. The latter then said to Visher that there was still due him (Visher) from defendant on the note surrendered on the 9th of August, 1890, by Visher to defendant, interest amounting approximately to the sum of $1,700, and that he (defendant) would pay such interest, and render to him (Visher) a written statement to that effect. Visher insisted that defendant owed him nothing, and declared that defendant had already done too much for him. The deceased said, however, that if the defendant would send him a statement, pretending to show sufficient money due him from defendant to meet his funeral expenses, he might, by being able to exhibit such statement, receive better treatment at home. Thereafter, and in pursuance of that understanding, the defendant prepared and sent the deceased the written statement set out in the complaint.

It is thus apparent that, whatever might have been the reason or motive of defendant in sending to deceased the statement in question, the document constituted, if anything, an adjustment of the accounts between the parties. And, "as soon as an account ceases to be open, and the balance is ascertained and assented to, it becomes a stated account, and the balance is at once subject to the operation of the statute;

and an account becomes a stated account when it is furnished
to another and he retains it for a long time without objec-
tion, as well as where the parties mutually agree upon a bal-
ance." (Wood on Limitations, 3d ed., sec. 280; Angell on
Limitations, sec. 150; *Auzerais* v. *Naglee*, 74 Cal. 68, [15 Pac.
371].)

But counsel for appellant, evidently persuaded that the
trust theory of his complaint is utterly untenable under the
evidence adduced, contends that several letters written by the
defendant and a claim filed by him against the estate of the
deceased, which were received in evidence, amount to such an
acknowledgment in writing of the proscribed liability as to
warrant the implication of a new promise, and thus the right
of action thereon has been revived. These letters were, with
one exception, written prior to the appointment of plaintiff
as administrator of the estate of the deceased, and all of
them, with the exception of one, which was written to plain-
tiff's wife, were addressed to the plaintiff. Assuming that
those written prior to appellant's appointment as adminis-
trator contain language which would constitute, if written
to the creditor or his agent duly authorized to act for him
with reference to the particular matter, a sufficient acknowl-
edgment to take the debt out of the operation of the statute,
we cannot see how such letters, having been addressed to per-
sons between whom and the defendant there was no privity
of contract, could in any view have the effect of reviving the
right of action upon the indebtedness pleaded and to which
it is claimed they refer. The plaintiff, at the time of the
receipt of the letters, while interested as an heir in whatever
estate the deceased might have left, was not an agent or rep-
resentative of or otherwise duly authorized to act for and in
behalf of the estate. The test would be, it seems to us, was
the party to whom the acknowledgment, if any, was made
legally competent to make a contract with respect to the sub-
ject as to which the statute had run? Could the plaintiff,
before appointment as administrator, have legally negotiated
and consummated a binding contract in behalf of the estate?
"Under the modern rule," says Wood on Limitations, third
edition, section 79, "that an acknowledgment or promise must
be such as fairly raises an implied promise to pay the debt,
it follows as a matter of course that the acknowledgment or
promise must not only be made by a person legally competent

to contract, but must also be made to the creditor himself, or some person duly authorized to act for him in that regard, so that a new contract, resting upon the old one for its consideration, may be set up in reply to the statute, if it is pleaded by the defendant; and if it is made to an agent of the creditor, in order to make it operative, it must appear that the debtor at the time knew that the person to whom the acknowledgment or promise was made was acting as the agent of the creditor." (See, also, *Farrell* v. *Palmer,* 36 Cal. 189, and *Biddel* v. *Brizzolara,* 64 Cal. 354, [30 Pac. 609].)

But even if these letters, so addressed to plaintiff before he became vested with any legal power over the estate and its affairs, could properly be construed to have been addressed to one having the authority to contract for the estate (and it seems that upon principle they cannot be so construed), it is clear that their language cannot be construed either into an express promise to pay, or an acknowledgment from which a promise to pay the old debt can be implied by the law. There is nothing in the language of the letters which indicates that they refer to the particular claim upon which plaintiff declares with that clearness, directness and distinctness made requisite in such a case by the law, nor, in fact, is it even of that direct, distinct and unequivocal nature as to any pre-existing liability which is essential to an acknowledgment from which the law may imply a promise. It is, of course, well understood that, in order to resuscitate a cause of action which has once been relegated to a state of repose by the operation of the statute of limitations, it is necessary under the law (Code Civ. Proc., sec. 360) that there must have been executed, as to the debt, obligation or liability originally giving rise to such cause of action, an instrument in writing, signed by the party to be charged. This is not only true, but where there is no express promise, such instrument must contain an acknowledgment from which the law may *imply* a promise to pay. (*Biddel* v. *Brizzolara,* 56 Cal. 382.) And such acknowledgment must be a direct and unqualified admission of an existing debt which the party is *willing to pay.* (*Biddel* v. *Brizzolara,* 56 Cal. 382; *McCormack* v. *Brown,* 36 Cal. 180, [95 Am. Dec. 170] ; *Farrell* v. *Palmer,* 36 Cal. 187.) "If there be no express promise, but a promise is to be raised by implication of law from the acknowledgment of the party, such an acknowledgment ought to contain an unqualified and

direct admission of a previous subsisting debt, which the party is liable and willing to pay. If there be *accompanying circumstances* which *repel* the promise or intention to pay; if the expressions be equivocal, vague and indeterminate, leading to no certain conclusion, but at best to probable inferences, which may affect different minds in different ways, we think they ought not to go to a jury as evidence of a new promise to revive the cause of action." (Mr. Justice Story in *Bell* v. *Morrison*, 1 Pet. (U. S.) 362.)

The first letter addressed to the plaintiff by the defendant upon the subject of the alleged debt due the estate from defendant was written under date of May 18, 1903—over seven months prior to plaintiff's appointment as administrator, etc.—and was evidently occasioned by a demand made upon defendant for a settlement of the balance which appeared to be due the deceased from the statement referred to. This letter, which is of considerable length (and which was admitted in evidence upon the offer of the defendant), from its beginning to its conclusion, repeatedly declares that at the time of the death of plaintiff's intestate the latter was indebted to the defendant in a large sum of money, and that the defendant owed the deceased nothing at the time of his death. This statement, he asserts, he could establish to the satisfaction of plaintiff if the latter would call at his office and inspect his books and papers showing the accounts between the deceased and the defendant. A garbled quotation from this letter by appellant in his brief, embracing only a part of the only sentence in the letter upon which he could place any construction favorable to his contention, can afford him no comfort, because there is nothing in the quoted language from which any sort of an acknowledgment of the old debt may be drawn. The second letter, under date of June 12, 1903, written, it will be noticed, over six months before plaintiff was appointed administrator of the estate, reiterates the denial that defendant was in any way or to any extent indebted to Visher at his death. The letter dated March 15, 1904, addressed to plaintiff, is brief and reads as follows: "Dear Sir and Brother: Your favor of the 14th is just received and noted. In answer will say that if the Visher estate has any valid claim against me I will pay it if I ever get money enough to do so. Please send me the claim." There was also received in evidence a letter dated

October 14, 1900, signed by the defendant and addressed to the wife of plaintiff, which letter, even if it were material to the issue here, does not refer, either directly or indirectly, so far as it may be determined from the language of the letter itself, to the claim relied upon in the complaint. It is thus to be observed that the only one of the mentioned letters upon which appellant can by any possibility rest the contention that the defendant has acknowledged the claim relied upon in this action, is the one dated March 15, 1904, written after letters of administration had been issued to plaintiff. This letter, it must be apparent from an inspection thereof, is not an unqualified and unconditional acknowledgment by defendant of any claim or debt which might have existed against him in favor of the deceased or his estate. Construed, as it should be, in connection with the defendant's letters of May 18, 1903, and June 12, 1903, in which, as seen, he made an unqualified denial of any indebtedness of whatsoever nature, and particularly of the debt in dispute, this letter plainly means that, while denying, because not aware of, the existence of any claim upon him by the Visher estate, the defendant would be willing to pay any valid claim which he might be convinced said estate held against him. There is nothing in the letter from which it can, with any show of reason, be implied that the defendant admitted the validity of or promised to pay the claim sued upon, or any part thereof. As we have seen and as is obvious, the letter neither in terms nor by reasonable implication refers to the specific claim upon which the action is brought. The language of the letter constitutes neither an express promise nor an acknowledgment from which the law could imply a promise. It is a vague, indeterminate and conditional declaration that if the estate has any valid claim against the defendant, he "will pay it, if I ever get money enough to do so." The letter in question does not, in fact, contain an acknowledgment from which even a conditional promise to pay the specific debt declared upon could be implied. But if the letter could be so construed, such conditional promise is not the promise pleaded. "In an action brought upon one promise a plaintiff cannot recover upon proof of another." (*Curtis* v. *City of Sacramento,* 70 Cal. 416, [11 Pac. 748]; *Rodgers* v. *Byers,* 127 Cal. 531, [60 Pac. 42], and cases therein cited.)

There is no merit in the point that the claim filed by the defendant against the estate of the deceased after the appointment and qualification of the administrator carries with it an acknowledgment of the old debt. The claim consists of an itemized statement of expenditures made by the defendant for and on account of the deceased in his lifetime and a balance due defendant of $209.84 after deducting the sum of $684.35 in favor of the deceased from the total amount of $894.19, claimed to have been so expended for deceased by the defendant. The claim does not, it is readily seen, acknowledge any indebtedness to the deceased or the estate, but, on the contrary, negatives such inference, and would not, of course, have been filed but for the claim of the defendant that the estate was indebted to him and not he to the estate.

Complaint is made that the court erred in a number of rulings upon the admissibility of evidence to the prejudice of appellant's rights. We have examined the record with care, and have found no errors prejudicial to appellant, either in the rulings or the findings of the court. The evidence, as previously stated, fully supports the findings, and from every standpoint from which the record may be viewed, we think the judgment is in perfect harmony with the facts and the law.

The judgment appealed from will, therefore, be affirmed.

Chipman, P. J., and Burnett, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 20, 1907, and the following opinion was then rendered thereon:

HART, J.—It is conceived proper, in denying the petition for a rehearing herein, to add to what has been said in the main opinion that, from our original examination of the record in this cause we felt justified in concluding that the trust theory of the complaint was adopted for no other reason than to obstruct the successful interposition of the statute of limitations against plaintiff's right of action. We concluded, from what we conceived to be a painstaking examination and careful analysis of the complaint, that the facts pleaded, with the exception of a few general averments amounting to mere conclusions of the pleader, failed to show the transaction between

the deceased and the defendant to have been of a fiduciary nature. The evidence, as disclosed by the record, fully sustains this conclusion. We were convinced that the relations, if, indeed, any at all existed at the time of Visher's death, between the defendant and the deceased, were merely those of ordinary debtor and creditor, bearing none of the essential characteristics of a trust, except the bare fact, as alleged, of the possession of money belonging to the deceased by the defendant. Under this view of the record, the evidence, we think, irrefragably established a bar to the action under the terms of section 337 of the Code of Civil Procedure. Upon the theory that the action was for money had and received upon a stated account, any evidence relevantly bearing upon the question of the alleged bar was admissible. Of equal soundness is the proposition that the moment the court finds, upon sufficient evidence, that the claim that an action is barred by the statute is sustained, and that such special plea is, therefore, well taken, any evidence that might have been offered and received in response to the issues upon the merits of the case, such evidence having no bearing whatever upon the special plea in bar, is, whether improperly admitted or not, of no consequence, and errors in the rulings of the trial court in admitting or rejecting evidence so confined to the merits are without significance or prejudice to any rights of the plaintiff or party against whom such rulings are made. But counsel argues in his petition that the errors of the trial court in the admission and rejection of evidence "become the more apparent" if, as we have held, the action is on an account stated, and adds: "We have already pointed out in the petition that where an account is stated between the parties thereto, it cannot be disputed, questioned, modified or changed except for mistake or fraud, which must be set up in the pleadings." This contention goes to the merits of the case, and, as we have suggested, has no force in its application to the evidence bearing upon the special plea in bar. It is only the statement of a cardinal rule of evidence to say that any competent proof was admissible which would show or tend to show that the debt declared upon was created at such point of time with reference to the time of the commencement of the suit as would bar a right of action thereon. And the defendant, if he so elected, could entirely ignore the issues involving the merits of the case and rely solely

upon his special plea in bar. The record in this case discloses no errors in the rulings of the court admitting evidence directed to the issue tendered by the special plea.

The point made by appellant in his original argument, and vigorously renewed in his petition, that the filing by the defendant against the estate of a claim, showing that at one time defendant was indebted to the deceased, but that through disbursements of certain moneys for and on behalf of deceased by the defendant the latter became a creditor rather than a debtor of the deceased, is an acknowledgment of the debt, and restores to plaintiff a right of action for the same, is, we think, without merit, and so plainly did it so appear to us in our original investigation of the record that we did not feel called upon to give it extended notice in the main opinion. Counsel, however, seems to give the question such serious consideration in his petition for a rehearing that we feel justified in giving it, briefly, further attention. The argument is that the items set forth in the claim and which show money to have been paid out for the benefit of the deceased by the defendant, and which were so set out in said claim as a setoff to any amount which might at one time have been due deceased, cannot be considered, because they had not been presented, as required by law, to the administrator of the estate of said deceased for allowance and payment; that "such claims cannot be pleaded in bar of any action, or paid until they have been thus presented, and either allowed or disallowed"; that, therefore, the admission in said claim of the original indebtedness to the deceased constitutes an acknowledgment from which the law will imply a promise to pay the debt; hence the right of recovery thereon in the plaintiff is revived. The view, briefly expressed, as to this point in the original opinion, was that there could be no such acknowledgment of an "outlawed" debt as would restore a lost right of action thereon, where a party files or submits in writing against another a claim, as to which an action could not be maintained for any legal reason, said claim showing a mutual account, according to which it appears that at one time the claimant was indebted to the party against whom it is presented, but that the latter, at the time of the filing or submission of such claim, is indebted to the claimant. How can such a claim be construed to be an acknowledgment of an old debt when the defendant by the very nature of

said claim in effect says: ''Instead of being indebted to the plaintiff the latter is indebted to me''? It must, of course, be clear to the most obtuse understanding that by filing the claim it was the intention of the defendant to convey the notion that the plaintiff's intestate was indebted to him and not he to the estate. There is but one sensible interpretation of the language of the claim filed against the estate by the defendant, and that is that the defendant not only claims, but in substance declares, that he is in no way indebted to said estate in any sum or amount whatsoever. The contention that the items in said claim purporting to have been expended for the benefit of deceased by defendant are barred, or constitute an otherwise illegal demand upon the estate, cannot affect the determination of the question we are considering. Let it be granted that those items are barred and that the defendant could not maintain an action upon them. The decision of the question here can in no manner or degree be influenced by that fact. The sole question is as to the effect of the language of the claim so filed. Does it admit an old or any indebtedness, or does it deny it? It seems to us that there can be no two sides to the question. A declaration in writing in whatever form of language it may be made cannot revive a right of action once barred, unless it involves an express promise to pay the debt, or an acknowledgment from which the law will imply a promise. And, as we have seen from an examination of the authorities cited in the main opinion, such acknowledgment must be clear, distinct and direct—not vague, indeterminate and uncertain. It will not be contended that the claim contains language expressly promising to pay the debt, to recover which the suit is brought, and, as previously suggested, the very nature of the document itself—the very intrinsic character of it, in purpose and effect—completely negatives the idea of an admission of any acknowledgment of an indebtedness to the deceased or his estate by the defendant.

The petition for a rehearing is denied.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 18, 1907.