[Civ. No. 3073. First Appellate District, Division One.—December 27, 1919.]

## F. L. ROPER, Appellant, v. CHARLOTTE DELIA SMITH et al., Respondents.

[1] STATUTE OF LIMITATIONS—RECOGNITION OF OBLIGATION—PETITION NOT ADDRESSED TO CREDITOR.—A petition by the guardian of certain minors for permission to execute a second mortgage on certain property, in which an existing liability in favor of the person to whom such second mortgage is proposed to be issued, being addressed to the court, is not sufficient to take the case out of the statute of limitations.

[2] ID.—FORBEARANCE TO SUE—ESTOPPEL TO PLEAD STATUTE—EXTENSION OF TIME OF PAYMENT—SUSPENSION OF STATUTE.—Where a party has been induced by the debtor to forbear suit until his right of action is barred by the statute of limitations, the latter will be estopped to say that the action is brought too late; and if, pending the running of the statute, the time of payment is extended by the creditor, with the assent of the debtor, the statute does not run during the time of the suspension.

[3] ID.—INDEFINITE PERIOD FOR FORBEARANCE—CONSIDERATION—PRESUMPTION.—Where there is no definite period that the creditor agrees to forbear, but there is a valuable consideration given for

---

2. Estoppel to plead statute of limitations by conduct not amounting to fraud or to express waiver, note, 9 Ann. Cas. 755.

such forbearance, the law will imply that it must be for a reasonable duration.

[4] Id.—Estoppel—Rights of Privies.—Where the mortgagors are estopped to plead the statute of limitations as against the original mortgagee, such estoppel will also run in favor of the assignee of such mortgagee.

APPEAL from a judgment of the Superior Court of Sonoma County. Thomas C. Denny, Judge. Reversed.

The facts are stated in the opinion of the court.

Charles F. Fury for Appellant.

F. A. Meyer for Respondents.

KERRIGAN, J.—This is an appeal by plaintiff from a judgment entered upon an order sustaining a demurrer to the complaint in an action to foreclose a mortgage on real property, the plaintiff being the owner by assignment of the obligation secured by said mortgage. The demurrer was sustained upon the theory that the action was barred by the statute of limitations. The institution of the suit was about four and one-half years after the maturity of the note, and was, consequently, barred unless, as the plaintiff contends, the defendants were estopped to set up the defense of the statute, or unless there was an acknowledgment in writing by the defendants of the indebtedness.

The complaint alleges that in February, 1907, Mrs. Fidelia Winton by an escrow deed conveyed the real property concerned to Charlotte Delia Smith and Dean Kingsley Smith, two of the defendants in the action, who at that time were minors. Subsequently, in April, 1908, said Fidelia Winton, notwithstanding said deed in escrow, conveyed the property to John W. Winton, her husband, and this deed of conveyance was recorded in April, 1912. In April, 1914, Fidelia Winton died, whereupon the escrow deed to said defendants was placed upon record. Prior to her death and in November, 1913, John W. Winton executed the note and mortgage in suit to plaintiff's assignor. The note was payable one day after date, and about a year after that date, no interest having been paid upon the note, the original mortgagee was threatening foreclosure of the mortgage. In order to prevent such action and the sale of the

defendants' interest in the property it was deemed advisable, in the interest of said minor defendants, to purchase for them the title of said John W. Winton. Accordingly it was agreed between the mortgagee and the guardian of said minors that the mortgagee should advance to them a sum of money approximately sufficient to accomplish that purpose, and, as security for the repayment of the loan, the mortgagee was to accept a second mortgage on the property. The accrued interest on the first mortgage was to be paid by said minor defendants, and they were to pay the balance due on the original note as soon as funds were available for that purpose; in consideration of this agreement the mortgagee was to forbear to prosecute the threatened suit or to take any steps to foreclose the mortgage, not, however, for any specified time. In accordance with this understanding the superior court, upon petition setting forth these facts, granted to the guardian of the minors permission to purchase the Winton title and to mortgage the property to plaintiff's assignor for seven hundred dollars. This second mortgage was executed, the Winton title purchased, the interest on the note and mortgage paid, and the mortgagee, relying upon the request of said defendants and their promise to pay said mortgage executed by Winton, forbore commencing his action of foreclosure, and but for said request and promise on the part of said defendants said mortgagee would have commenced his action prior to the expiration of four years from the date of said note.

[1] The first contention of the appellant is that the petition of said minors, made to the superior court, to obtain its authorization for the giving of the second mortgage hereinbefore referred to, contained a distinct admission in writing of the indebtedness here sued upon, which acknowledgment brings the case within the provisions of section 360 of the Code of Civil Procedure and removes it from the operation of the statute of limitations as pleaded. Granting, for the sake of argument, that the petition contained a distinct and unconditional recognition of the obligation, for which the defendants were liable, as seems necessary under the provisions of the section referred to, still, as the writing was addressed to the court and not to the creditor, it cannot be held to have taken the case out of the operation of the statute. It was said by this court in *Visher* v. *Wilbur,* 5

Cal. App. 562, [90 Pac. 1065, 91 Pac. 412]: "The test would seem to be, it seems to us, was the party to whom the acknowledgement, if any, was made legally competent to make a contract with respect to the subject as to which the statute had run?" (Citing *Biddel* v. *Brizzolara,* 64 Cal. 354, [30 Pac. 609].) In that case the supreme court said: "It is very certain that an actual promise can be made only to the creditor, and it follows that the acknowledgment from which the promise is to be inferred must be made to the creditor. An admission to a stranger of the existence of the debt cannot be construed as an acknowledgment to the creditors such as indicates an intention on the part of the person making the admission to hold himself bound to pay, nor is it expressive of his willingness to pay. 'An unqualified admission to a stranger will not take the case out of the statute or constitute a good cause of action.' (*Trousdale's Admr.* v. *Anderson,* 9 Bush (Ky.), 276)."

[2] The next contention of the appellant is that the defendants were estopped to plead the statute of limitations by reason of the forbearance of the plaintiff's assignor to sue the defendants at the latters' request and upon their promise to pay the mortgage debt.

It is no doubt well settled that where a party has been induced by the debtor to forbear suit until his right of action is barred by the statute, the latter will be estopped to say that the action is brought too late (1 Woods on Limitations, sec. 76); and in this state an even more liberal rule has been recognized, viz., that "if pending the running of the statute the time of payment is extended by the creditor, with the assent of the debtor, the statute does not run during the time of the suspension." (*State Loan etc. Co.* v. *Cochran,* 130 Cal. 245, [62 Pac. 466, 600]; *Smith* v. *Lawrence,* 38 Cal. 24, [99 Am. Dec. 344].) In each of these cases the forbearance was for a definite agreed time, and the period of limitations was held to be extended in the same measure. And this suspension of the statute is held to arise by virtue of the principle of equitable estoppel, the delay in bringing suit, and the consequent jeopardy to the interests of the creditor, being attributed by the law to the action of the debtor, of which he may not take advantage.

[3] In the case at bar there was no definite period that the creditor agreed to forbear, but as there was a valuable

consideration given for such forbearance the law would imply that it must be for a reasonable duration. A brief suspension only in the present case is all that would be necessary to avert the bar of the statute. [4] If, then, the present suit had been brought by the mortgagee, it would have to be held that the defendants were estopped to plead the statute, and it seems to be the rule also that his assignee is accorded the same ri_'t. The general rule as to estoppel is that it affects the immediate parties to the transaction and their privies. (Bigelow on Estoppel, 6th ed., pp. 372, 629.) "It is a general rule that an estoppel operates not only on the parties to the transaction but also on their privies in blood, estate, and contract." (10 R. C. L. 837.) In *Krathwohl* v. *Dawson,* 140 Ind. 1, [38 N. E. 469, 39 N. E. 496], it was held that where the maker of a note is estopped in favor of the holder thereof to set up a defense thereto, the holder's assignee is entitled to the benefit of the estoppel. See, also, the application of this principle in *Wood* v. *Seely,* 32 N. Y. 105; *Short* v. *Jackson,* 2 Ky. (Sneed Dec.) 192.

It follows from the foregoing that the court erred in its conclusion that the plaintiff's cause of action was barred by the statute of limitations and in sustaining the defendants' demurrer to the complaint. The judgment must, therefore, be reversed, and it is so ordered.

Richards, J., and Waste, P. J., concurred.