[Civ. No. 10319.  First Appellate District, Division One.—November 30, 1936.]

In the Matter of the Estate of MANUEL FRANCISCO AZEVEDO, Deceased. INEZ ANDRADE et al., Appellants, v. J. F. AZEVEDO, as Administrator, etc., Respondent.

Manuel F. Sylva for Appellants.

E. H. Christian for Respondent.

KNIGHT, J.—Certain heirs of Manuel Francisco Azevedo, deceased, filed exceptions to the administrator's final account, and the exceptions were disallowed; whereupon they took this appeal from the decree of settlement.

The controversy arises over the refusal of the court to charge the administrator with the amount of an outlawed debt. The circumstances relating to the debt are set forth in an agreed statement of facts embodied in the bill of exceptions, and are as follows: The administrator is a surviving son of the decedent, and during the decedent's lifetime the administrator borrowed $565 from him. Part of it, $400, was borrowed more than two years prior to the decedent's death, and the remainder, $165, within two years preceding his death. Neither loan was evidenced by any writing. In his final account the administrator charged himself with $165, but claimed that the balance of $400 was barred by the statute of limitations.

It is well settled that the representative of an estate is chargeable for his own debt to the estate as for so much money in his hands, unless it appears that the debt is uncollectible. (11B Cal. Jur., secs. 1100, 1106, pp. 554, 560; *Sanchez* v. *Forster*, 133 Cal. 614 [65 Pac. 1077].) The court properly held in the present case, therefore, that the outlawed debt, being legally uncollectible, was not chargeable against the administrator.

Appellants contend, however, that subsequent to the death of the decedent the administrator acknowledged the debt in writing which gave rise to a new promise sufficient to remove the debt from the operation of the statute of limitations. This contention is based upon an allegation in the administrator's verified petition for letters of administration to the effect that part of the estate of the decedent consisted of "the sum of $565 loaned and advanced by decedent to petitioner, together with interest, the exact amount of which is at this time unknown to petitioner". Later, it appears, the administrator failed to mention said indebtedness in his inventory, and appellants sought his removal on that ground. As a result of the removal proceedings the court ordered a new inventory to be filed, pursuant to which order the administrator filed two amended inventories, each setting forth the following item: "Indebtedness of J. F. Azevedo to decedent for money loaned amounting to $565, appraised at $165."

There is a disagreement between the parties to the appeal as to whether the allegation in the petition for letters of administration is legally sufficient to constitute a new

promise to pay the debt, but whether it is or is not makes little difference because assuming it is, the promise is nevertheless unenforceable for the reason that it was not made as the law requires to the creditor himself nor to anyone legally authorized to contract in his behalf. (*Biddel* v. *Brizzolara,* 64 Cal. 354 [30 Pac. 609]; *Visher* v. *Wilbur,* 5 Cal. App. 562 [90 Pac. 1065, 91 Pac. 412].) As said in the case last cited, in quoting from Wood on Limitations, third edition, section 79, under the modern rule that an acknowledgment or promise must be such as fairly raises an implied promise to pay the debt, it follows as a matter of course that the acknowledgment or promise must not only be made by a person legally competent to contract, but must also be made to the creditor himself or some person duly authorized to ·act for him in that regard, so that a new contract, resting upon the old one for its consideration, may be set up in reply to the statute if it is pleaded by the defendant; and if it is made to an agent of the creditor in order to make it operative it must appear that the debtor at the time knew that the person to whom the acknowledgment or promise was made was acting as the agent of the creditor. Adhering to the foregoing rule it was held in the case of *Roper* v. *Smith,* 45 Cal. App. 302 [187 Pac. 454], that such a promise or acknowledgment contained in a petition by the debtor to the probate court was legally insufficient to take the debt out of the statute of limitations for the reason that the probate court was without authority to contract on behalf of the creditor; and likewise in *Visher* v. *Wilbur, supra,* it was held that such a promise or acknowledgment made by the debtor of a deceased person to an heir, even though the latter was afterwards appointed the administrator of the estate, did not have the effect of removing the bar of the statute of limitations because at the time the promise or acknowledgment was made the heir was not qualified to enter into a contract for the estate.

Therefore, under the foregoing authorities, even though it be deemed that the allegation in the petition for letters of administration was legally sufficient to constitute a new promise, it must be held that the promise is unenforceable because it was not made as the law requires to a party authorized· to contract in behalf of the estate; and that being so, the court did not err in holding that the administrator

was not chargeable with the amount of the outlawed debt referred to in said allegation.

The decree appealed from is affirmed.

Tyler, P. J., and Cashin, J., concurred.