[Civ. No. 14417. Second Dist., Div. One. Sept. 21, 1944.]

EDITH MAUD WILSON, Respondent, v. BYRON J. WALTERS, Appellant.

Pierson & Block for Appellant.

W. Cloyd Snyder for Respondent.

DRAPEAU, J. pro tem.—In this action to renew a judgment, complaint was filed three months more than five years after the judgment was entered. Unless the five-year period of the statute of limitations was extended, the cause is barred under the provisions of section 336 of the Code of Civil Procedure.

During the five-year period, the defendant made a series of $25 payments on account, commencing September, 1937, and ending in March, 1939, amounting to a total payment of $450 on a judgment for $8,858.75. This fact, standing alone, would not toll the statute. (*Purdy* v. *Maree*, 31 Cal.App.2d 125 [87 P.2d 390].) But these payments together with the following correspondence establish an acknowledgment of the indebtedness sufficient to toll the statute of limitations:

"July 5, 1938. I did not get a payment on your judgment with Mrs. Wilson. Your Mother came in but did not leave any money.

"Kindly send the payment through. Very cordially,".
*"Re the Wilson matter*　　　　　　　　July 18, 1938.

"On the first of July I was called east suddenly with my Mother and father on account of the serious illness of a relative, and I am still here handling the situation. I shall be required to stay here at least another week. It was entirely impossible, due to the suddenness and seriousness of the situation, to make the payment on the Wilson matter. I hope that you will understand that only this kind of a situation would cause me to do this. My Mother came in twice to see you, after we learned of the predicament, and missed you both times. She did not leave any message because your regular secretary was not there, but she did tell the new young lady to be sure to tell you that she was in and that she would

try to reach you before leaving. I tried to reach you on the telephone at home on Saturday night the 2nd but received no answer. We were unable to wait longer and I concluded to write you from here explaining the situation.

"I know that I shall be able to be back between the first and tenth of August, at which time we shall be sure to see you. I am sure to be back by the 10th but if you do not hear from me until that time please do not be disturbed as we shall contact you immediately upon our arrival.

"Trusting the above to be satisfactory, and thanking you for your uniform courtesies, I am, Very truly yours,".

The letter dated July 18, 1938, is signed by the defendant. In view of the demand upon him for payment on the judgment, his statement "It was. utterly impossible . . . to make the payment on the Wilson matter. I hope that you will understand that only this kind of a situation would cause me to do this."—is sufficient, without other evidence, to establish an acknowledgment of the indebtedness.

■ It is a question of law as to whether an acknowledgment in writing is sufficient to toll the statute. (*Sterling* v. *Title Ins. & Trust Co.*, 53 Cal.App.2d 736, 740 [128 P.2d 31].) In that case in discussing the essentials of an acknowledgment it is said:

"The essentials of a sufficient acknowledgment have been frequently stated and were well expressed in *Southern Pacific Co.* v. *Prosser* (1898), 122 Cal. 413 [52 P. 836, 55 P. 145], at 415, as follows: 'The distinct and unqualified admission of an existing debt contained in a writing signed by the party to be charged and without intimation of an intent to refuse payment thereof, suffices to establish the debt to which the contract relates as a continuing contract, and to interrupt the running of the statute of limitations against the same; from such an acknowledgment the law implies a promise to pay.' "

And the sufficiency and form of the acknowledgment are also defined in *Curtis* v. *Holee*, 184 Cal. 726, 730 [195 P. 395, 18 A.L.R. 1024]:

"We, turn, then, to a consideration of the form of acknowledgment in the present case. If the grantee acknowledged the existence of the debt in writing with sufficient certainty, that will suffice to take the debt out of the operation of the

statute. (*Chaffee* v. *Browne,* 109 Cal. 211, 218 [41 P. 1028]; *State etc. Co.* v. *Cochran,* 130 Cal. 245, 251 [62 P. 466, 600]; *Concannon* v. *Smith,* 134 Cal. 14 [66 P. 40].) An actual promise to pay is not necessary. (*Foster* v. *Bowles,* 138 Cal. 346 [71 P. 494, 649].) When such an acknowledgment is made before the note becomes barred by the statute of limitations as applied to the date originally designated for the payment of the note, it constitutes a continuation of the life of the original obligation beyond the operation of the statute of limitations as applied to the original obligation. (*McCormick* v. *Brown,* 36 Cal. 180 [95 Am.Dec. 170]; *Daniels* v. *Johnson,* 129 Cal. 415, [79 Am.St.Rep. 123, 61 P. 1107]; *Rodgers* v. *Byers,* 127 Cal. 528 [60 P. 42].)''

 Applying the rule, it will be seen that the defendant's letter definitely and unqualifiedly admits the debt and that there is no intimation in it of an intent to refuse payment. Therefore, the effect of the correspondence was to waive so much of the period of limitations as had theretofore run in favor of the defendant. From the date of the letter, it becomes manifest that the action was brought in time. (*Vassere* v. *Joerger,* 10 Cal.2d 689, 692 [76 P.2d 656]; *Southern Pacific Co.* v. *Prosser, supra.*)

 Appellant argues that there is a fatal variance between the pleading and the proof. This argument, however, is based upon the mistaken assumption that the letters state a conditional contract to pay the judgment. In California an acknowledgment of indebtedness during the period before limitation statutes apply constitutes a continuing contract and tolls the statute to the date of the acknowledgment. (*Southern Pacific Co.* v. *Prosser, supra.*) And there is no condition expressed in the writing.

Having come to the conclusion that the acknowledgment of the defendant extended the statute of limitations, it is unnecessary to go further and discuss the effect of the defendant having been in bankruptcy during a part of the five-year period in question. However, as amended in 1938, the Bankruptcy Act provides for the suspension of both state and federal statutes of limitation affecting provable debts of a bankrupt. (34 Am.Jur. 1.)

The judgment is affirmed.

York, P. J., and Doran, J., concurred.