**In re HALL et ux.**
No. 41731–WM.

District Court, S. D. California,
Central Division.
Nov. 14, 1946.

George T. Goggin, of Los Angeles, Cal., for petitioner.

C. P. Von Herzen and Goudge, Robinson & Hughes, and David A. Sondel, all of Los Angeles, Cal., for debtors.

MATHES, District Judge.

This proceeding comes before this court upon petition by Pacific States Corporation for review of the Conciliation Commissioner's order of August 1, 1944, granting debtors' petition for determination of existing lien and encumbrance on ranch property located in Leona Valley, California.

In 1927 title to the ranch property was in the debtors, Frank D. and Marguerite S. Hall, husband and wife. During that year debtors organized the Farm Home Builders Corporation which they wholly owned and controlled, and thereupon transferred the ranch property to that corporation. The Commissioner has found that the corporation is the alter ego of the debtors.

On July 30, 1927, acting through their corporation, debtors borrowed $45,000 from Pan American Bank of California, the indebtedness for which was evidenced by a five-year note providing for 7% interest compounded quarterly "from date until paid." The note was secured by a deed of trust of the ranch property and a declaration of trust wherein Pan American Bank was both trustee and beneficiary.

Pan American Bank went into liquidation proceedings on July 19, 1929, and the Superintendent of Banks of the State of California took over the assets and control of the bank. Thereafter the original declaration of trust was superseded by Trust No. 5873 in which Citizens National Trust and Savings Bank was named as trustee and Pan American Bank as beneficiary. In 1939 the Superintendent of Banks assigned the beneficial interest in Trust No. 5873 to petitioner, Pacific States Corporation, in settlement of a claim of petitioner against Pan American Bank.

On December 9, 1942, debtors filed a petition as farmers for proceedings under § 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, listing the Leona Valley ranch property in their schedule of property owned. The petition was approved and the matter referred to H. Sidney Laughlin, Esquire, as Conciliation Commissioner.

Pacific States Corporation then filed a motion to dismiss the petition upon the ground that debtors were not farmers and were not the owners of the ranch property set forth in their petition. This motion was denied by the Conciliation Commissioner, and no petition for review of that order was ever taken.

Unable to secure an agreement to a composition, debtors petitioned under § 75, sub. s, for adjudication as bankrupts. They were thereupon adjudged bankrupts, and an order of general reference was then made to Conciliation Commissioner Laughlin.

Citizens Bank then presented a motion to dismiss the proceedings upon the ground that debtors were not farmers; and also

presented a petition for dismissal and a motion to strike the description of the Leona Valley property from the schedules, upon the ground that Citizens Bank, and not the debtors, was the owner of the real property in question.

The Commissioner held that his previous order on the motion for dismissal made by Pacific States Corporation was res judicata as to Citizens Bank and dismissed its petition and motions. Upon petition for review, this order was affirmed by my colleague, Judge O'Connor.

Debtors then filed their petition for a determination of the existing lien and encumbrance on the ranch property. It is the Commissioner's order on that petition which is drawn in question by the petition for review at bar.

Petitioner, Pacific States Corporation, again contended that this court has no jurisdiction over the matter as the debtors are not farmers nor owners of the ranch property. The Commissioner overruled the objection and denied petitioner's motion to dismiss debtors' petition.

Clearly there had been a previous adjudication by the Commissioner of petitioner's contention. Petitioner could have filed a petition for review of the Commissioner's denial of the first motion for dismissal of the proceedings. Having failed to do so, petitioner will not be heard to raise the same questions by motions to dismiss subsequent petitions by the debtors in the same proceeding.

The Commissioner found that petitioner's promissory note was barred by the statute of limitations on July 30, 1936, four years after maturity. But petitioner contends that the debt was revived (1) by debtors' statements in a verified complaint filed in an action by debtors against Citizens Bank in the Superior Court for Los Angeles County, California; and (2) by debtors' acceptance of a 1940 statement of account, rendered by the Citizens Bank, in which a payment made prior to maturity of the note was recorded as a payment of principal and interest.

Section 360 of the California Code of Civil Procedure provides that: "No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title (statute of limitations), unless the same is contained in some writing, signed by the party to be charged thereby."

The law in California appears settled that the essentials of an acknowledgment are: "The distinct and unqualified admission of an existing debt, contained in a writing signed by the party to be charged, and without intimation of an intention to refuse payment thereof, suffices to establish the debt to which the contract relates as a continuing contract, and to interrupt the running of the statute of limitations against the same." Southern Pacific Co. v. Prosser, 1898, 122 Cal. 413, 415, 52 P. 836, 837, 55 P. 145, 146; Wilson v. Walters, 1944, 66 Cal.App.2d 1, 151 P.2d 685.

"A declaration in writing, in whatever form of language it may be made, cannot revive a right of action once barred, unless it involves an express promise to pay the debt, or an acknowledgment from which the law will imply a promise." Visher v. Wilbur, 1907, 5 Cal.App. 562, 91 P. 412, 414.

Moreover, it has been expressly held that an admission of indebtedness in a complaint is not a sufficient acknowledgment within the requirements of § 360 of the Code of Civil Procedure. Roper v. Smith, 1919, 45 Cal.App. 302, 187 P. 454.

There is ample evidence to sustain the Commissioner's findings of fact on this question. So in view of the law of California as set forth above, it was not error to hold the note to be outlawed by the statute of limitations.

However, inasmuch as debtors seek equity, they must do equity, regardless of the bar of the statute. Accordingly, the Commissioner held that debtors must pay petitioner the unpaid principal of the promissory note with 7% interest compounded quarterly until July 30, 1932 (the maturity date), 7% simple interest until July 30, 1936 (the date on which the note was barred by the California statute of limitations), but without interest thereafter.

Petitioner now contends that since the note provided for 7% interest compounded quarterly "from date until paid," the Commissioner erred in not holding that debtors must pay the contract rate of interest until date of the Commissioner's order.

The Commissioner found that Citizens Bank in its capacity as trustee prepared and rendered accounts of all collections, disbursements and distributions during the years 1933–1940, inclusive, and that each account set forth a statement of the unpaid balance of the promissory note obligation; that these accounts did not set forth any charge for or payment of interest; that the accounts were furnished to debtors and to the state officials in charge of the liquidation of the Pan American Bank, and were accepted by them as true and correct; that acceptance of the accounts evidenced an intention on the part of the liquidator of Pan American Bank to waive interest, and interest was so waived. As conclusions of law from these findings of fact, the Commissioner held that Citizens Bank, as trustee, and the liquidator of Pan American Bank were estopped to claim interest after July 30, 1936, and that this estoppel applied to petitioner.

■ There is ample evidence to sustain the Commissioner's findings and there is no error in the conclusions of law drawn therefrom. Indeed, it was not necessary to find that petitioner is estopped to claim interest, since both the principal obligation and all interest became barred by the California statute of limitations on July 30, 1936.

But it is urged that because the promissory note stipulated 7% interest compounded quarterly "until paid," the interest rate should not have been reduced from compound to simple for the four years between maturity and the running of the statute of limitations.

■ Interest after maturity is often not a contract obligation. Where provision for interest has been entirely omitted from a promissory note, interest after maturity has been allowed on the theory that the interest then is in the nature of damages. Puppo v. Larosa, 1924, 194 Cal. 717, 230 P. 439.

■ However, in providing for interest as damages, § 3289 of the California Civil Code states: "Any legal rate of interest stipulated by a contract remains chargeable after a breach thereof, as before, until the contract is superseded by a verdict or other new obligation." And the weight of authority is that where the rate of interest is specified in the note, that rate continues after maturity and until paid. 3 Ruling Case Law, p. 900.

Thus in the case at bar, where the language of the note specifically provides for interest "until paid," it would seem that the contract rate of interest should be applicable after maturity. However, the right to that interest became barred with the expiration of the four-year period prescribed by the statute of limitations.

■ Thus the amount of both · interest and principal which debtors must pay to remove the lien on their ranch property rests within the sound discretion of the Commissioner, whose duty it is to determine what "equity" debtors must do in order to receive "equity." The Commissioner might well have omitted any provision for interest after maturity, or he might have seen fit under the circumstances to allow the contract rate of interest until the date of his order. Since the whole obligation was barred, petitioner was not entitled to any thing as a matter of right.

■ The Commissioner's order is not to be disturbed unless there has been a clear abuse of discretion. I find that the Commissioner acted well within the bounds of his discretion. Therefore, the order of August 1, 1944 will be affirmed.