### BRONNE SHIRT CO. v. MATTHESS.
### No. 10870.

United States District Court
S. D. California, Central Division.
Feb. 9, 1950.

Henshey & Beeman, By John A. Beeman, Hollywood, Cal., for plaintiff.

Allport & Allport, Harold E. Allport, Jr., Hollywood, Cal., for defendant.

YANKWICH, District Judge.

The complaint seeks to recover $10,000.-00, with interest. The plaintiff, a New York corporation, was dissolved on October 9, 1940. In 1927, it loaned the defendant, who is now a resident of California, $10,000.00. To evidence the indebtedness, the defendant executed five promissory notes in various amounts, dated on separate dates between July and September, 1927, the last one being dated September 12, 1927. The notes were payable on demand, and carried interest at six per cent. Since delivery to the plaintiff, they have been destroyed. Nothing has been paid on the principal or interest.

On February 4, 1946, Carl Bronne (as alleged in the complaint) "acting in his capacity as a director of the dissolved corporation and in connection with winding up its affairs," mailed a letter to the defendant with reference to the loan, which contained the following paragraphs:

"The money we invested and the ten thousand we loaned you was our own and not Bronne Shirt Co. money and you can believe me when I tell you we could use some of it right now.

"The reason I didn't bring up this matter before this is because I didn't think you were in a position to take care of this obligation, but since you are doing so well I thought you should consider about repaying this money which was a loan to you.

"Please give this some thought and let me hear from you."

The answer of the defendant, dated February 11, 1946, in rather discursive style, referred to various past difficulties and ended with the following paragraph relating to the loan:

"Carl, *you can rest assured as soon as I can build up a safe reserve you are number one when it comes to cleaning up old obligations.*" (Emphasis added.)

The defendant has moved to dismiss upon the ground that the complaint does not state a claim. Federal Rules of Civil Procedure, Rule 12(b) (6), 28 U.S.C.A.

The action being admittedly barred by the statute of limitations, recovery is sought on the new promise. And the motion urges that the defendant's letter is not a sufficient acknowledgement or new promise to toll the statute. California Code of Civil Procedure, Sec. 360. It is the established law of California that a new promise sufficient to take a case out of the operation of the statute of limitations, under section 360 of the California Code of Civil Procedure, must be a direct, distinct and unqualified admission of the debt. If the writer treats the indebtedness as subsisting and one for which he is liable,

a promise to pay will be implied. Yankwich on California Pleading and Procedure, 1926, Sec. 148, pp. 262-264; First National Bank of Park Rapids v. Pray, 1927, 86 Cal.App. 484, 488-490, 260 P. 933; Western Coal & Mining Co. v. Jones, 1946, 27 Cal.2d 819, 822-825, 167 P.2d 719, 164 A. L.R. 685. While the older cases laid down rather rigid requirements as to the certainty of the promise, the higher courts of California, beginning with the leading case of Southern Pacific Company v. Prosser, 1898, 122 Cal. 413, 52 P. 836, 55 P. 145, have held the most informal language which identifies the obligation and recognizes its existence sufficient compliance with the statute. See, Pierce v. Merrill, 1900, 128 Cal. 473, 61 P. 67, 79 Am.St.Rep. 65, Clunin v. First Federal Trust Co., 1922, 189 Cal. 248, 207 P. 1009; Shirley v. Shirley, 1927, 83 Cal.App. 386, 256 P. 283; Western Coal & Mining Co. v. Jones, 1946, 27 Cal.2d 819, 167 P.2d 719, 164 A.L.R. 685; In re Estate of Cole, 1942, 52 Cal. App.2d 520, 126 P.2d 660; Sterling v. Title Insurance & Trust Co., 1942, 53 Cal.App. 2d 736, 128 P.2d 31; Wilson v. Walters, 1944, 66 Cal.App.2d 1, 151 P.2d 685.

■ The postponement of liquidation to a future time, as for instance, "when able", does not make the acknowledgement uncertain. It merely imposes an additional condition and makes it encumbent upon the plaintiff to allege and prove its existence before he can sue on the new promise and recover. Rodgers v. Byers, 1900, 127 Cal. 528, 60 P. 42; Van Buskirk v. Kuhns, 1913, 164 Cal. 472, 129 P. 587, 44 L.R.A., N.S., 710, Ann.Cas. 1914B, 932; Maurer v. Bernardo, 1931, 118 Cal.App. 290, 5 P.2d 36; Heiser v. McAlpine, 1937, 20 Cal.App.2d 467, 67 P.2d 141; Horacek v. Smith, 1948, 33 Cal.2d 186, 199 P.2d 929; Fuller v. White, 1948, 33 Cal.2d 236, 201 P.2d 16.

While the quoted sentence taken from the defendant's letter of February 11, 1946, has a certain element of indefiniteness, when read with the remainder of the letter and in conjunction with the letter to which it was an answer,—it is sufficiently definite to comply with the requirements laid down by the cases just referred to. It is certainly not weaker than the letter which the

Court had under consideration in Sterling v. Title Insurance & Trust Co., supra [53 Cal.App.2d 736, 128 P.2d 34], in which the debtor spoke about the "plaintiff's money", and added, "I can't tell you how much I appreciate it but I assure you you will get it all just as soon as I can manage it."

It is as strong as the letter in Wilson v. Walters, supra [66 Cal.App.2d 1, 151 P.2d 686], which, after referring to the impossibility to make payment, added, "I hope that you will understand that only this kind of a situation would cause me to do this."

While in the letter before us no definite "reserve" is designated, the contingency (the building up of a "safe reserve") is not impossible of establishing. The plaintiff, having alleged that the defendant now has such reserve, the matter turns into a problem of proof.

■ However, the complaint as it stands now, and the exhibits attached to it, do not show compliance with another specific requirement of a valid new promise,—namely, that the promise be made to the obligee, i. e., to the creditor or to an agent who is authorized to receive it. Searles v. Gonzalez, 1923, 191 Cal. 426, 430, 216 P. 1003, 28 A.L.R. 78; Visher v. Wilbur, 1907, 5 Cal.App. 562, 90 P. 1065, 91 P. 412; President, etc., of California College v. Stephens, 1909, 11 Cal.App. 523, 105 P. 614; Roper v. Smith, 1919, 45 Cal.App. 302, 187 P. 454; In re Estate of Azevedo, 1936, 17 Cal. App.2d 710, 62 P.2d 1058; Restatement, Contracts, Sec. 86(2) (b).

The principle is stated succinctly in President etc. of California College v. Stephens, supra, 11 Cal.App. at page 526, 105 P. at page 615: "As to the person to whom the promise must be made, Mr. Wood says, in his work on Limitations, section 79 [3rd Ed.], that the promise must not only be made by one legally competent, but must be made to the creditor himself, *or to some person duly authorized to · act for him in that regard,* and if made to an agent, in order to make it operative, *it must appear that the debtor at the time knew that the acting as the agent of the creditor."* (Em-

phasis added.) And see, Fontana Land Co. v. Laughlin, 1926, 199 Cal. 625, 640, 250 P. 669, 48 A.L.R. 1308.

■ These cases hold that the acknowledgement must be to the creditor or his agent and that if made to one who does not stand in that relation, it is not sufficient, even though the person may have an interest in the debt. Illustrative are acknowledgements to an heir, Visher v. Wilbur, supra; in probate, Roper v. Smith, supra; or to the successor in interest of a mortgagee, Biddel v. Brizzolara, 1883, 64 Cal. 354, 30 P. 609.

■ The complaint in this case alleges that the letter was written by Carl Bronne as a director of the plaintiff corporation. The law of New York relating to dissolved corporations is not set out. If we assume that it is identical with the law of California, cf. California Corporation Code, Sec. 5400, and that a dissolved corporation continues to exist for the purpose of winding up its affairs and collecting its obligations, the letter to the defendant referring to the outlawed debt,—assuming that it constitutes a specific demand for payment,—*does not* show that it is being written or demand for payment is being made on behalf of the corporation, by one authorized to do so. The cases just referred to require not only that the demand be made on behalf of an agent of the corporation but also that the debtor *know* at the time "that the person to whom the acknowledgement or promise was made was acting as the agent of the creditor." Estate of Azevedo, supra, 17 Cal.App.2d at page 710, 62 P.2d 1058, 1059. And directors or trustees of a dissolved corporation should "act as a group, not individually." 19 C.J.S., Corporations, § 1744, p. 1511.

Assuming that a single director of a dissolved corporation has, without special authorization, the power, under the New York statute, to act for it,—which is doubtful (See, 19 C.J.S., Corporations, § 1744, p. 1511. Cf. Anthony v. Janssen, 1920, 183 Cal. 329, 191 P. 538; Wiseman v. Sierra Highland Min. Co., 1941, 17 Cal.2d 691, 696–697, 111 P.2d 646) the fact remains that nowhere in the letter is the demand *made*

*in such capacity.* On the contrary, the letter is an appeal, as from one friend to another, to pay the money *not to the corporation but to Carl Bronne,* personally, upon the ground that he and some one referred to as "Dave", advanced it personally and the foundation for the appeal is that the *"ten thousand dollars we loaned you was our own and not Bronne Shirt Co. money".* And the acknowledgement retorts in kind by assuring "Carl" that he (not the corporation) is *"number one when it comes to cleaning up old obligations."* But he owed no obligation to *"Carl."* The promissory notes were made payable to the corporation. It is alleged in the complaint that the loan was made by it, and recovery is sought for its benefit. We are, therefore, faced with the situation that the demand, which brought on the new promise on which the action is based, *is not* a demand for the debt owing the corporation on an acknowledgement to it or its agent. It is a demand by a director for a debt owed the corporation upon the ground that the money which was advanced was, in reality, that of individual directors making the demand. This being so, no right of action can spring from an acknowledgement of the demand, because the debt *was not* owed to the individual directors. The notes which the new promise was supposed to have revived, were not payable to them. In the absence of an assignment, they are not the owners of the debt and are not in a position to convert the obligation to the corporation into one owing to them.

■ So, from a legal standpoint, the acknowledgement is as ineffective as if it had been made to a stranger. And the cases referred to teach very definitely that an acknowledgement to a stranger does not constitute a valid new promise. President etc. of California College v. Stephens, supra, 11 Cal.App. at pages 526-527, 105 P. 614; In re Estate of Miles, 1945, 72 Cal. App.2d 336, 342-343, 164 P.2d 546.

It follows that the complaint does not state a claim. The motion of the defendant to dismiss the complaint is, therefore, granted, and the complaint is dismissed with leave to amend within twenty days after date, if plaintiff be so advised.