## HAWLEY & CO. *v.* BADER & CO.

A RECEIPT acknowledging payment of a debt, whether in money or some other medium, may be explained or contradicted by parol.

In suit on an account, against B. & S. as a firm, a receipt to B. alone, signed by plaintiffs, "in full for acct's and demands due us at this date," was offered in evidence by B., S. having made default, together with parol proof that the receipt was intended to embrace the account sued on. *Held*, that the parol proof was admissible; that the term "all accounts," may be shown to cover firm as well as personal indebtedness.

APPEAL from the Tenth District.

The suit was by Hawley, Simpkins and Beach, as the firm of Hawley & Co., against Bader and Smith, as the firm of Bader & Co. Default was taken against Smith. Bader answered, denying that he was partner of Smith during the time plaintiffs averred the goods were sold, and pleading accord and satisfaction, and payment; setting up specially in what they consisted, to wit: the receipt mentioned in the opinion of the Court.

Hawley v. Bader.

The receipt was as follows:

" Rec'd, Dog Town, Butte Co., Cal., of Charles Bader, gold dust and coin amounting to one thousand dollars; also, two certificates of stock, in the Mineral Point Ditch & Mining Co., located on Little Butte Creek, &c. the whole of above being hereby rec'd by us in full for acct's and demands due us at this date.

(Signed)                         WM. HAWLEY & Co."

*Belcher & Belcher*, for Appellants.  1. The words " in full for all acct's and demands," cover the demand in suit, and it was for the jury to say what demands were meant.  2. Parol evidence was admissible to explain the receipt.  (3 Phillips' Ev. Cow. & Hill's notes, 381; *Brooks et al.* v. *White*, 2 Met. 283; *Frink et al.* v. *Bolton*, 15 Ill. 343; *Ryan* v. *Rand*, 6 Foster, 12; *Bunham* v. *Ayer*, 35 N. H. 351; *Smith* v. *Ballou*, 1 R. I. 496; *Bishop et al.* v. *Perkins*, 19 Conn. 300; *Tryon* v. *Hart*, 2 Id. 120; *Brannan* v. *Mesick*, 10 Cal. 108; *Wyman* v. *Chamberlain*, Vt.—reported in the monthly Law Reporter for September, 1859; *Dutton* v. *Tilden*, 13 Penn. 46.)  Nor is the rule confined to receipts for money.  (1 Greenl. Ev. sec. 305; Parsons' Mercantile Law, p. 23, note 1; *O'Brien* v. *Gilchrist*, 34 Maine, 554; *Sheldon* v. *Pierce*, 13 Barb. 317; *Graves* v. *Howard*, 9 Id. 447; *Wood* v. *Perry Wright*, Ohio, 224.)  3. It must be assumed, for the purposes of this appeal, that the parties intended the receipt should embrace the demand in suit.  (*Hackett* v. *Manlove*, 14 Cal.)  And if the Court should be of the opinion that it contains also a contract, still it was competent to show by parol that intention.  (*Brewster* v. *Lathrop, ante; Wyman* v. *Chamberlain*, above cited; 2 Parsons on Cont. 69 *et seq.;* Parsons' Mercantile Law, 23.)

*R. S. Mesick*, for Respondent.

1. The receipt was inadmissible; because, on its face, it only appeared to cover demands against Bader alone; while the demand in suit was against him and Smith jointly.  (7 Watts & Serg. 317.)

2. This instrument is a receipt and contract together, liable to be controlled or qualified by parol evidence, as to that part which is a receipt, but not as to that portion which is a contract.  (*Hall* v. *Butler*, 7 Ind. 269; *Stone* v. *Vance*, 6 How. 246; *Kellogg* v. *Richards*, 14 Wend. 116; *Egleston* v. *Knickerbocker*, 6 Barb. 458; 2 Parsons on Cont. 67, and note *o;* 1 Greenl. Ev. sec. 305; 3 Phil. Ev. Cow. &

Hill's notes, 283 ; 4 Id. 582 ; *Osborne* v. *Hendrickson*, 7 Cal. 285 ; 8 Id. 31.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

Suit was brought against defendant and one Smith, on an account for goods. The defendant pleaded accord and satisfaction, payment, etc. After *prima facie* proof of indebtedness made on the part of the plaintiffs, the defendants offered a receipt running to Bader, acknowledging payment in full, in gold dust and certain stocks, of all accounts and demands. To the introduction of this receipt, plaintiffs objected, on the ground that it did not purport to comprehend the indebtedness sued on. The objection was sustained. The defendants then offered, by witnesses, to prove that the real contract and agreement was that the general receipt and acquittance was intended to, and did embrace this account. But this was also objected to, and the proof excluded, on the ground that parol proof was inadmissible to vary the terms of the written contract.

In this ruling, the Judge erred. The receipt was not a contract. It is only an acknowledgment of the fact of the payment or satisfaction of a debt; and the rule which excludes parol evidence, to explain or even to contradict the instrument, does not hold in such cases. (1 Greenl. Ev. sec. 305.) There seems to be no difference in the principle between a payment in one medium or another.

But the receipt upon its face was general in terms, referring to all demands and accounts ; and it would be pressing the rule with great rigor to hold in such cases that the party could not show that this comprehensive term, " all accounts," was designed to cover as well a firm as a personal indebtedness.

For the reason given, the judgment is reversed and cause remanded.