[S. F. No. 2467. Department One. — August 15, 1901.]

## JAMES CONCANNON, Respondent, v. R. P. SMITH, Appellant.

STATUTE OF LIMITATIONS — BARRED NOTE AND MORTGAGE — ACTION UPON NEW PROMISE — CONSIDERATION — SUFFICIENCY OF COMPLAINT. — A complaint setting forth a note and mortgage, and alleging that in an action to foreclose the mortgage it was adjudged that they were barred by the statute of limitations, and that they were so barred, and that subsequent to the bar of the statute the defendant, on certain dates specified, in writings signed by him, acknowledged the indebtedness and promised to pay the same, is not upon the note, but upon the new promise, of which the barred note and mortgage set forth constituted the consideration, and the complaint states a sufficient cause of action upon the new promise, as against a general demurrer.

ID. — NEW PROMISES PRIOR TO FORECLOSURE SUIT — RES ADJUDICATA — MATTER NOT IN ISSUE. — The fact that the new promises, in writing, declared upon, though made after the bar of the statute, were made before the commencement of the foreclosure suit, does not make the adjudication in that suit, that the note and mortgage were barred by the statute of limitations, an adjudication against the cause of action upon the new promise, which was not in fact pleaded or placed in issue in the former suit.

ID. — EVIDENCE OF NEW PROMISE — LETTERS — PART PAYMENTS — IMPLIED PROMISE. — Letters signed by the defendant, asking plaintiff to send a statement of his affairs, and inclosing part payments upon his indebtedness to the plaintiff, and expressing a hope to send more, and to pay the interest, it appearing that there was no other indebtedness from defendant than the barred note and mortgage, are evidence of an implied promise to pay that debt.

ID. — FORMAL ACKNOWLEDGMENT OR PROMISE NOT REQUIRED — RECOGNITION OF SUBSISTING DEBT. — The statute does not prescribe any

form in which the new acknowledgment or promise shall be made. It need not be formal; and it is sufficient, if the writing shows that the writer regards or treats the indebtedness as subsisting; and from the acknowledgment of a subsisting indebtedness the law implies a promise to pay it, based upon the consideration of the old debt.

PLEADING — AMENDMENT OF COMPLAINT — OMISSION OF CAUSE OF ACTION.. — The plaintiff, when granted leave to file an amended complaint, may entirely omit one of the causes of action set forth in the original complaint. The defendant cannot be prejudiced by the abandonment of a cause of action alleged against him.

APPEAL from a judgment of the Superior Court of Alameda County.   John Ellsworth, Judge.

The facts are stated in the opinion.

Mullany, Grant & Cushing, for Appellant.

G. W. Langan, for Respondent.

HAYNES, C. — Action for the recovery of money. The plaintiff had findings and judgment, and defendant appeals, upon the judgment roll, which contains a bill of exceptions setting out all of the evidence.

The first question presented involves the sufficiency of the complaint, which is, in substance, as follows: That on January 2, 1894, the defendant executed his promissory note to the plaintiff for the sum of two thousand eight hundred dollars, payable in one year from date, with interest at ten per centum per annum, a copy of which is set out in the complaint; that certain specified payments had been made thereon at specified dates; that at the time of the commencement of this action there was and now is due and owing from defendant to plaintiff, on account of the principal sum of said promissory note, the sum of two thousand dollars, and interest at seven per cent from May 1, 1899; that said note was secured by mortgage of even date therewith, which was duly recorded; that on November 25, 1899, plaintiff commenced an action against said R. P. Smith; that the second cause of action set out in the complaint in said action was upon said note and mortgage, to foreclose the same; that defendant demurred to said second cause of action, for want of facts, because it appeared to be barred by section 337 of the Code of Civil Procedure; that said demurrer was sustained, and on February 5, 1900,

judgment was rendered, that plaintiff take nothing by said second cause of action; that in fact said promissory note and mortgage were barred by said section of the code at the time said action was commenced. The ninth paragraph of the complaint is as follows: "That on or about the eighth day of April, 1899, and on or about the twenty-fifth day of April, 1899, and on or about the eighth day of May, 1899, and on or about the twentieth day of May, 1899, the said defendant, R. P. Smith, acknowledged to plaintiff his said indebtedness to the plaintiff and promised to pay the same, which said acknowledgments and promises were contained in several writings signed by the said defendant, R. P. Smith." The complaint concluded with an allegation of non-payment, and prayer for judgment.

The demurrer assumes,—1. That this action is upon said note, and as it purports to be secured by mortgage, that the action will not lie, a foreclosure of the mortgage not being sought; 2. That the cause of action stated in the complaint was adjudicated in the former action against the plaintiff; 3. That facts sufficient to constitute a cause of action are not stated; and 4. That the cause of action stated is barred by section 337 of the Code of Civil Procedure.

This demurrer was properly overruled. The fact that a copy of the note was set out in the complaint, accompanied by a detailed statement of the payments that had been made thereon, and that at the time this action was commenced a certain amount of the principal sum mentioned in it had not been paid, when taken in connection with the subsequent allegations, does not justify appellant's contention that the suit was upon the note. It was subsequently alleged that a foreclosure suit was brought upon the note and mortgage by the plaintiff; that, upon demurrer thereto, it was adjudged that the right of action was barred by the statute of limitations, and judgment of dismissal was entered against him; and it was also alleged in the complaint herein that said note and mortgage were in fact barred. The note became due on January 2, 1895, and was barred by the statute, January 3, 1899, but the complaint, as we have seen, alleges that on certain dates in April and May, 1899, the defendant acknowledged his said indebtedness, in several writings signed by him. These writings were not set out in the complaint, but they are

pleaded according to their legal effect, and that is sufficient. The purpose for which the pleader alleged the former suit, plea, and judgment was doubtless to prevent being met by the defense, if he had simply alleged an amount unpaid upon the note, that the plea of the statute was a personal privilege, and that the action should be upon the note and mortgage. While the plaintiff was not bound to anticipate defenses that might be pleaded to his action, his doing so will not make his complaint obnoxious to a general demurrer. If in any case it should result in making the complaint ambiguous, unintelligible, or uncertain, it may be demurred to on those grounds, or one of them. The note was set out as a part of the history of the case, and which, in connection with the former action, and the plea of the statute of limitations therein by the defendant, showed the consideration relied upon to support the new promise, which promise was made after plaintiff's remedy upon the note and mortgage had become barred by the statute. A distinction must be taken between a new promise made *before* an action is barred upon the original contract, and a new promise made *after* the original contract is barred. When made before, the debtor merely continues his liability for a longer term, and the action is upon the original promise. "In other words, he merely waives so much of the period of limitations as has run in his favor. But when his legal obligation is at an end by reason of the lapse of the full period of limitation, or of a discharge in bankruptcy, a new promise creates a new obligation, *and it is itself the basis of the action.*" (*Southern Pacific Co.* v. *Prosser*, 122 Cal. 413, 417. See also *Rodgers* v. *Byers*, 127 Cal. 528, 530, where the subject is fully discussed and numerous authorities cited.) These authorities conclusively show that the adjudication in the former action, that the note and mortgage were barred by the statute of limi-. tations, was not an adjudication of the cause of action in the present case, which is "a new obligation, and is itself the basis of the action."

Appellant contends, however, that the new promises now relied upon by plaintiff were made before the first action was brought, and might have been litigated in that action.

In support of this contention, counsel quote from Freeman on Judgments (4th ed., sec. 249, p. 441) as follows: "An adjudication is final and conclusive not only as to the matter

actually determined, but as to every other matter which the parties might have litigated and have had decided as incident to or essentially connected with the subject-matter of the litigation, and every matter coming within the legitimate purview of the original action, both in matters of claim and of defense." This passage is quoted by the learned author from *Harris* v. *Harris,* 36 Barb. 88. But the author adds: "The general expression, often found in the reports, that a judgment is conclusive of every matter which the parties might have litigated in the action, is misleading. What is really meant by this expression is, that a judgment is conclusive upon the issues tendered by the plaintiff's complaint. It may be that the plaintiff might have united other causes of action with that set out in his complaint, . . . but as long as these several matters are not tendered as issues in the action, they are not affected by it."

Defendant's motion for judgment in his favor on the amended complaint was properly denied. This motion is based upon the supposition that the amended complaint did not state a cause of action,—a supposition already disposed of.

The amended complaint entirely omitted a cause of action for two hundred dollars, money lent to defendant, stated in the original complaint. It is contended that defendant's motion for default as to that cause of action should have been granted. For aught that appears, the leave to amend was general and unlimited, and the omission was therefore discretionary with the plaintiff. Besides, we do not see how the defendant was injured by the abandonment of a cause of action alleged against him.

The plaintiff, for the purpose of proving his allegation that the defendant, after his promissory note became barred by the statute of limitations, acknowledged his indebtedness in writing, offered in evidence certain letters written by defendant to the plaintiff. The defendant's objections to the introduction of these letters were overruled and exceptions taken. The defendant also contends that the evidence is not sufficient to justify the finding that he did acknowledge an indebtedness to the plaintiff. These points may be considered together.

The first of these letters was as follows:—

"Mr. Cuncenin *dear sir* if you plase to Send me a Statement of my afers and the first of May will trv and cum up

next month and hope that everything is all right and have plenty of rain this year.        Yours truly,

"R. P. SMITH."

The envelope showed that it was mailed at Vallejo, and received at Livermore April 9, 1899.

The second letter is dated "April 25, 99," and is as follows: —

"JAMES CONCANNON *dear sir* I send you a chack for nine hundred dolers 913 and will send you more soon glad that all the family is well hoping to hear from you soon and is glad that there is plenty of rain.        Yours truly,

"R. P. SMITH."

The third letter bears date "May 8, 99," and so far as material reads as follows: —

"MR. JAMES CONCANNON *dear sir* if you plase to culeck two hundred dolers from Mr. John frick i sent him i letter for to send the rent so that I could pay you the intress so if you plase to get the money I will send him a letter today for Mr. frick to pay you or you can see Mr. Sellers and tell him for it was he that sent me the last two hundred dolers. . . .

"Yours truly,        R. P. SMITH."

In connection with these letters, the plaintiff testified that there was no other indebtedness from defendant to him than that involved in this action, and the court found that on April 25, 1899, there was unpaid $1,966.67, and on that day, and on May 8, 1899, in consideration of said sum, the defendant, "in writing signed by him, acknowledged to the plaintiff, personally, his said indebtedness to the plaintiff."

The court did not err in receiving these letters in evidence, and they fully sustain the findings.  The first letter asked for a statement of account of his affairs.  The defendant testified that he complied with his request.  This letter was introductory.  It was written April 8, 1899.  On the 25th, he made a partial payment, by a check, inclosed in his letter of that date, for $913, and added, "I will send you more soon."  The third letter, dated May 8th, was an order upon Mr. Frick for $200, "to pay you the interest."  Each of these letters was signed by the defendant.

Section 360 of the Code of Civil Procedure provides: "No

acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby."

The statute does not prescribe any form in which the acknowledgment or promise shall be made. Whether these writings constitute a sufficient "acknowledgment or promise" is therefore a question of law. The imperative thing is, that it shall be "contained in some writing, signed by the party to be charged thereby." The expression, "contained in some writing," clearly indicates that it is not essential that the acknowledgment or promise should be formal, such as that "I hereby acknowledge," or "hereby promise." It is sufficient if it shows that the writer regards or treats the indebtedness as subsisting, and from this acknowledgment the law implies a promise to pay, and for which promise the old debt is a sufficient consideration. The second of these letters inclosed a check for $913, which was in part payment, and the writer promised to pay more soon.

In *Barron* v. *Kennedy*, 17 Cal. 574, 577, Chief Justice Field, speaking for the court, said: "Part payment has always been held sufficient to take the debt on which it is made out of the statute. Unless accompanied at the time by qualifying declarations or acts on the part of the party making the payment, it is deemed an unequivocal admission of a subsisting contract or liability, from which a jury is justified and bound to infer a new promise. The authorities are uniform to this point. And it matters not whether the payment be either upon the principal or interest of the debt" (citing several cases); and after quoting section 31 of the statute of limitations (which is now section 360 of the Code of Civil Procedure), it was further said, "This section does not purport to make any change in the effect of acknowledgments or promises, but simply to alter the mode of their proof."

In *Auzerais* v. *Naglee*, 74 Cal. 60, 69, there was indorsed upon an account rendered to Naglee, the following:—

"Received, December 8, 1880, of Henry M. Naglee, one thousand dollars on account of the within.

"E. AUZERAIS, Liquidating Partner."

This indorsement, including his name, was in the handwriting of the debtor, Henry M. Naglee. It was contended by

the plaintiff "that this part payment, evidenced by a writing in which the name of Naglee appears under his own hand, is a sufficient signing, under the statute (Code Civ. Proc., sec. 360), to suspend its operation," and this contention was sustained.

So the third letter, providing for the payment of interest, was an unequivocal admission of the existence of an indebtedness, and there was no other indebtedness to which it could apply than that involved in this action. These letters were properly received in evidence, and clearly justify the findings specified.

The point that certain of the findings are contrary to the pleadings is based upon the contention that this action is upon the note, and not upon the new promise, — a point hereinbefore considered and disposed of.

I advise that the judgment be affirmed.

Smith, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.         Harrison, J., Garoutte, J., Van Dyke, J.

Hearing in Bank denied.