[L. A. No. 5216.   Department Two.—January 15, 1918.]

## In the Matter of the Estate of ANDREW BERGLAND, Deceased.

ESTATES OF DECEASED PERSONS—APPEAL—APPEAL FROM ORDER ADMIT-
TING WILL TO PROBATE — TIME FOR TAKING — MOTION FOR NEW
TRIAL PENDING.—Under section 939 of the Code of Civil Procedure,
allowing an appeal from a judgment or appealable order of the
superior court to be taken within sixty days from the entry of
the judgment or order, but declaring that if proceedings for a
new trial are pending, the time for appeal shall not expire until
thirty days after entry in the trial court of the order determining
such motion for new trial, or other termination in the trial court
of the proceedings upon such motion, the filing of a "notice of
intention" to move for a new trial, within the legal time therefor,
starts a "proceeding on motion for a new trial," which remains
"pending" until disposed of by the court or by operation of law,
and therefore, where an order admitting a will to probate was en-
tered on November 7, 1916, and a notice of intention to move for
a new trial was filed on November 20, 1916, that proceeding re-
mained pending until February 10, 1917, when it was denied by opera-
tion of law and an appeal from the order admitting the will to pro-
bate which was taken on March 8, 1917, was in time, although no
further steps had been taken on the proceeding for a new trial for
three months after the service of the "notice of intention."

ID.—MOTION FOR NEW TRIAL — EXCEPTIONS — TIME FOR PREPARING
BILL.—In such case appellant's proposed bill of exceptions served
March 1st was in time where the court, on February 20th, made
an order extending the time therefor to that date.

ID.—WILL—NONCONTEST CLAUSE—EFFECT OF OFFERING LATER WILL
FOR PROBATE.—It being the duty of the custodian of a will, under
section 1298 of the Code of Civil Procedure, to deliver the same
to the superior court or to the executor, within thirty days after
receiving information of the maker's death, and it being the right
of an executor, devisee, or legatee, under sections 1299 and 1301
to petition for probate of the same, a provision in a will prescrib-
ing forfeitures of the estate devised or bequeathed to any devisee
or legatee, if such devisee or legatee should contest a will, is not
violated by the mere proposing for probate of a later and incon-
sistent will, by one who is named as executor or devisee or legatee
under such later will.

ID.—DISMISSAL OF PETITION FOR PROBATE—WHEN CONTESTANT NOT
PREJUDICED.—One who contests the validity of one of several wills
offered for probate, and who is present and does not except to

an order of the court dismissing such petition on the proponent's own motion, is not prejudiced by such dismissal.

ID.—NONCONTEST CLAUSE—TIME FOR DETERMINING EFFECT.—The question whether a legatee or devisee has forfeited his right under a will by violation of a "noncontest" clause arises on distribution, and cannot be determined on an appeal from an order admitting the will to probate.

APPEAL from an order of the Superior Court of San Diego County, admitting a will to probate.   C. N. Andrews, Judge.

The facts are stated in the opinion of the court.

John H. Bowlby, for Appellants.

Luce & Luce, for Respondent.

WILBUR, J.—This is an appeal from an order made November 7, 1916, probating two wills of Andrew Bergland, one will dated June 7, 1910, with two codicils; the other will dated August 29, 1915. Notice of this decision was served on appellants on November 10, 1916. Ten days thereafter appellants served their notice of intention to move for a new trial, but took no further steps thereon until February 10, 1917, three months thereafter, when they served notice to bring said motion on for hearing February 19, 1917, at which time the motion was dismissed for lack of jurisdiction. Respondent moves to dismiss on the ground that the notice of appeal, served and filed March 8, 1917, was too late, for the reason that no motion for new trial was pending within the meaning of section 939 of the Code of Civil Procedure, within thirty days of said notice of appeal.   This position is not well taken.   The filing of the notice of intention to move for new trial within time started a new proceeding which remained pending until disposed of by the court or by operation of law, to wit, on February 10, 1917, and therefore the motion to dismiss should be denied.

On February 20th appellants obtained an order extending to March 1, 1917, the time to file a bill of exceptions to the decision of the court, and on that date the bill of exceptions was served on respondent. Respondent gave notice to dismiss the bill of exceptions for the reason that the same was not served within time.   The motion to dismiss the bill of

exceptions was denied by the court, and exception thereto being reserved therein the bill of exceptions was settled on March 14, 1917. Respondent's contention that the proposed bill of exceptions was not presented within time is based upon the same contention, viz., that proceedings for new trial were not pending, and for the above reason is not well taken (Code Civ. Proc., sec. 650).

The will of June 7, 1910, made respondent Kate J. Misner a residuary legatee and devisee as to one-fourth of decedent's property. The will of August 29, 1915, gave her all the money of decedent in bank; but it is claimed that respondent was not entitled to have said last-mentioned will probated because in the will of June 7, 1910, there is a proviso cutting off with five dollars all contesting devisees and legatees; and that respondent was a contestant within the meaning of said proviso for the reason that she had proposed for probate another and later will, dated December 25, 1915, revoking all former wills. All said petitions and contests thereof were heard together.

The mere proposing for probate of a later and inconsistent will was not a violation of a provision against contest contained in an earlier will. It was her duty to file the will (Code Civ. Proc., sec. 1298) and her right to petition for its probate (Code Civ. Proc., secs. 1299, 1301). Appellants contested the validity of said will, and, although present, did not oppose or except to the court's order of dismissal on respondent's motion of her petition for its probate and was not prejudiced by such dismissal. In their argument appellants assume that the allegations of their contest that said will was forged and that the decedent was incompetent on December 25, 1915, are true, but no evidence thereon was offered. The question of whether or not respondent has forfeited her right properly arises on distribution (*Estate of Hite*, 155 Cal. 436, [17 Ann. Cas. 993, 21 L. R. A. (N. S.) 953, 101 Pac. 443], and cannot be determined on this appeal.

The motion to dismiss the appeal is denied and the order appealed from is affirmed.

Melvin, J., and Victor E. Shaw, J., *pro tem.*, concurred.