[Civ. No. 5310. First Appellate District, Division One.—May 26, 1927.]

## CHARLES W. SHIRLEY, Appellant, v. R. R. SHIRLEY et al., Defendants; FRANK L. LAKE, Respondent.

[1] STATUTE OF LIMITATIONS—AGREEMENT TO PAY DEBT BARRED BY STATUTE—FORM.—It is not the purpose of section 360 of the Code of Civil Procedure to establish a rule with respect to the character of the promise or acknowledgment from which a promise may be inferred, but with respect to the kind of evidence by which the promise or acknowledgment shall be proved, and the writing relied on as evidence to show an agreement to pay a debt barred by the

---

1. General requisites as to new promise or acknowledgment, note, 102 Am. St. Rep. 757. See, also, 16 Cal. Jur. 581.

statute of limitations must contain an express promise or an acknowledgment from which a present promise may be inferred.

[2] ID.—JOINT OBLIGORS—PAYMENT BY ONE.—In an action on a promise to pay a debt barred by the statute of limitations, where a receipt given by the creditor showed that one debtor's note had been received as part payment, parol evidence was admissible to show that payment was in fact made by both debtors.

[3] ID.—ACKNOWLEDGMENT OF SUBSISTING DEBT—IMPLIED PROMISE—CONSIDERATION.—A writing executed by a debtor is sufficient to constitute a promise to pay a debt barred by the statute of limitations if it shows that the writer regards or treats the indebtedness as subsisting, and from the acknowledgment of a subsisting indebtedness the law implies a promise to pay based upon the consideration of the old debt.

[4] ID.—PLEADING—AMBIGUITY.—In this action on a promise to pay a debt barred by the statute of limitations, an allegation in the complaint that one of the debtors "then and there signed his 'Lake'" and that it was then and there agreed that the time for payment was extended, and that the indebtedness should continue, by which it appeared that it was the intention of the pleader to aver that the debtor signed his name as a part of the indorsement alleged, was subject to demurrer on the ground of uncertainty and ambiguity.

[5] ID.—SUFFICIENCY OF COMPLAINT.—In such action, the complaint, which alleged that a note given by one debtor was applied as payment, and that the other debtor signed the indorsement on the original note showing such payment, was sufficient to state a cause of action.

---

(1) 37 **C. J.**, p. 1096, n. 23.   (2) 37 **C. J.**, p. 1249, n. 62.   (3) 37 **C. J.**, p. 1107, n. 43.   (4) 31 **Cyc.**, p. 72, n. 30.   (5) 37 **C. J.**, p. 1203, n. 48.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Reversed, with directions.

---

2. See 16 **Cal. Jur.** 583, 584; 10 **Cal. Jur.** 923; 10 **R. C. L.** 1025.
3. New promise or acknowledgment to take debt out of statute of limitations, notes, 62 **Am. Dec.** 101; 102 **Am. St. Rep.** 751. See, also, 16 **Cal. Jur.** 586; 17 **R. C. L.** 891, 898. What is sufficient acknowledgment to remove bar of limitations, notes, 8 **Am. Dec.** 162; 23 **Am. Dec.** 588; 38 **Am. St. Rep.** 737. Necessity of definiteness of new promise to particular debt in order to remove bar of limitations, note, **Ann. Cas.** 1914B, 223.

The facts are stated in the opinion of the court.

James M. Robinson and J. W. Robinson for Appellant.

W. H. Thomas for Respondent.

CASHIN, J.—An appeal from a judgment of dismissal entered upon an order sustaining the demurrer of respondent, Frank L. Lake, to a complaint upon an alleged promise to pay a debt barred by the statute of limitations.

The original complaint, which appears to have been filed during the latter part of the year 1922, the date not being shown by the record on appeal, alleged that respondent and R. R. Shirley on January 25, 1912, at Rockford, Illinois, executed to appellant their promissory note for $1,600, which by its terms was there payable one year after date with interest; that between the date of the note and October 23, 1915, various installments of interest thereon were paid; that on November 6, 1919, there was executed by Shirley a new note for $800, which was accepted by appellant as payment to that extent on the original note, and that Shirley paid at the same time the interest then due on the latter note in the further sum of $133.34; that the payment on the principal evidenced by the new note was indorsed on the original note in words and figures as follows: "Rockford, Ill., Nov. 6, 1919. Paid by R. R. Shirley on within note the sum of $800 by new note for that amount." It is further averred that the "said defendant Lake wrote upon the back of said promissory note the foregoing payments of $800 and $133.34, and that each of such payments were made for and behalf of each of the defendants . . . that the said memorandum in writing written upon the back of said promissory note with pen and ink by said defendant Lake and then and there signed his 'Lake,' and it was then and there agreed between said plaintiff and defendant Lake that the payment of the principal of said note was then and there and thereby extended, and that said indebtedness so represented by said note was to continue to be paid at Rockford, Illinois."

It sufficiently appears that it was the intention of the pleader to aver that respondent signed his name as part of the indorsement alleged.

Respondent's motion to strike certain allegations of the complaint was granted, and his demurrer which, in addition to grounds both general and special, alleged that the original note was barred by the provisions of section 337 of the Code of Civil Procedure and that the indorsement under the provisions of section 360 of the Code of Civil Procedure was insufficient to evidence a new promise, was sustained without leave to amend.

Appellant contends that the indorsement taken in connection with the attendant circumstances sufficiently evidence a new promise by respondent, and that the court erred in striking the allegations that the payment therein acknowledged was made on behalf of respondent and in sustaining the demurrer without leave to amend.

[1] The purpose of section 360 of the Code of Civil Procedure, as held in *Biddel* v. *Brizzolara,* 56 Cal. 374, is to establish a rule not with respect to the character of the promise or acknowledgment from which a promise may be inferred, but with respect to the kind of evidence by which the promise or acknowledgment shall be proved, and the writing relied on as evidence must contain an express promise or an acknowledgment from which a present promise may be inferred. As the rule is stated in *Clunin* v. *First Federal Trust Co.,* 189 Cal. 248 [207 Pac. 1009], the acknowledgment from which the promise is to be inferred must be made to the creditor, and no writing is sufficient as an acknowledgment under section 360 of the Code of Civil Procedure, unless it contains some reference to the debt which, either by itself or with the aid of competent evidence of extrinsic facts in explanation, amounts to an admission that there is a debt existing to the creditor for which the debtor is liable and willing to pay, the rule stated being approved and followed in *Searles* v. *Gonzalez,* 191 Cal. 426 [28 A. L. R. 78, 216 Pac. 1003], where it was held that while the memorandum must express the essential elements of a contract with reasonable certainty, these may be gathered either from the memorandum itself or from other writings therein referred to.

In *Auzerais* v. *Naglee,* 74 Cal. 60 [15 Pac. 371], a receipt for a sum paid by the debtor Naglee upon an account rendered was indorsed thereon by the latter in the following words: ''Received Dec. 8, 1880, of Henry M. Naglee one

thousand dollars on account of the within.'' It was there held that a receipt in the handwriting of the debtor referring to the debt and containing his signature was sufficient as a memorandum under the provisions of section 360 of the Code of Civil Procedure to bind the debtor.

[2] While, according to the indorsement in the instant case, the payment evidenced thereby was made by Shirley, the debt was referred to therein and it is alleged that the receipt was in the handwriting of respondent and subscribed by him, and that the note was executed and accepted as a payment by both of the joint debtors. With the exception that the indorsement does not acknowledge a payment by respondent, the facts are in effect the same as those in the case last cited. The receipt, however, was but an admission by the creditor that a note executed by Shirley had been received as payment to that extent on the original note (*Jenne* v. *Burger,* 120 Cal. 444 [52 Pac. 706]; *California Packers Co.* v. *Merritt Fruit Co.,* 6 Cal. App. 507 [92 Pac. 509]), and parol evidence would be admissible to show that the payment was in fact made by both of the debtors (*Hawley* v. *Bader,* 15 Cal. 44). [3] Moreover, the indorsement and subscription of his signature by respondent were equivocal acts which, with the fact being shown that the payment was made by both, would be sufficient within the decision in *Auzerais* v. *Naglee, supra,* and the rule stated in the cases cited above, to support the inference of an admission of liability for an existing debt which he was willing to pay. As held in *Concannon* v. *Smith,* 134 Cal. 14 [66 Pac. 40], it is sufficient if the writing shows that the writer regards or treats the indebtedness as subsisting, and from the acknowledgment of a subsisting indebtedness the law implies a promise to pay based upon the consideration of the old debt.

[4] While the complaint contained redundant matter which was properly stricken therefrom, and the allegation by which the pleader sought to state that respondent signed the indorsement was uncertain and subject to demurrer on that ground, it appears that the demurrer on the grounds of uncertainty and ambiguity was directed with that exception to the portions of the pleading which were stricken out. [5] We think that the complaint as filed was sufficient to state a cause of action; that the order striking therefrom the

allegation that the payment evidenced by the indorsement was made by both debtors was erroneous, and that appellant should have been permitted to amend by alleging that the memorandum was signed by respondent.

The judgment is reversed, with directions that appellant be permitted to amend his complaint in the above particulars within ten days after the filing of the *remittitur* in the superior court.

Tyler, P. J., and Knight, J., concurred.