[Civ. No. 6030. First Appellate District, Division One.—December 15, 1927.]

MRS. A. FERGUSON, Respondent, v. JOHN F. FONNER, Appellant.

Henry L. Corson for Appellant.

J. W. Henderson for Respondent.

CASHIN, J.—An appeal from a judgment entered against appellant Fonner in an action to recover a debt.

Respondent moved to dismiss the appeal on the ground that the notice of appeal was not filed within the time prescribed by statute.

The judgment appealed from was entered on June 12, 1925, and on June 15, 1925, a notice of its entry was served on appellant. On June 25, 1925, a notice of intention to move for a new trial was filed, the notice stating that the motion would be presented on the minutes of the court and by affidavits. The motion was not presented until August 24, 1925, on which date it was denied for lack of jurisdiction, and the notice of appeal was filed on the same day. Respondent contends that no steps having been taken to bring the motion to a hearing within sixty days after the service of the notice of entry of judgment there was no proceeding for a new trial pending within the provisions of section 939 of the Code of Civil Procedure, which would extend the time for an appeal from the judgment, and that the notice of appeal was filed too late.

As held in the matter of the *Estate of Bergland,* 177 Cal. 227 [170 Pac. 400], the filing of a notice of intention to move for a new trial in time is the commencement of a new proceeding, which remains pending until disposed of by the court or by operation of law. The facts of the present case were similar to those of the case cited, and the notice of appeal having been filed within thirty days after the termination by operation of law of the proceeding for a new trial, the motion to dismiss the appeal should be denied.

A promissory note for $2,296.18, payable to respondent thirty days after date, was executed by appellant and James W. Gough on April 26, 1917. Payments were made thereon aggregating the sum of $662.80, the last payment being made on October 23, 1922. The complaint, which was filed on March 19, 1924, alleged that appellant on

various dates before and after May 21, 1921, acknowledged his indebtedness on the note and promised to pay the same. These allegations were denied by appellant, who also pleaded by his demurrer and answer to the complaint as a bar to the action the provisions of subdivision 1 of section 337 of the Code of Civil Procedure.

The note matured on May 26, 1917, and the record contains no evidence that a written acknowledgment of the debt was made during the four-year period following the date of maturity. Subsequent to the expiration of that period, however, certain payments on the debt were made by appellant, each payment being accompanied by a letter signed by him and addressed to respondent. The letters with their respective dates were as follows:

November 7, 1921: "Enclosed find ten ($10) dollars to help out until I can get hold of Gough."

March 22, 1922: "Enclosed find ten ($10) dollars."

August 29, 1922: "Your letter of the 27th at hand. As you say that I made the statement that I would pay you ten dollars per month I don't remember of ever promising to do that, but nevertheless I will try and do that if I can. And as far as making trouble for me and yourself, it would be worthless for you to start anything, for if you did I would file one of those things in court that pays everything off as I have nothing only what I earn every day, and after living there is very little left. I shall try and help you until I can get hold of him and that is the best I can do under the circumstances. Inclosed find ten dollars ($10), as he has got all the money I had besides what I have spent since he disappeared trying to get him."

November 28, 1922: "Enclosed find ten ($10) dollars."

December 8, 1922: "Enclosed find ten ($10) dollars."

As provided by statute, no acknowledgment or promise to pay is sufficient evidence of a new or continuing contract by which to take the case out of the operation of the statute of limitations unless the same be contained in some writing signed by the party to be charged thereby (Code Civ. Proc., sec. 360), it being the purpose of the section to establish a rule not with respect to the character of the promise or acknowledgment from which a promise may be inferred, but with respect to the kind of evidence

by which the promise or acknowledgment shall be proved. (*Biddel* v. *Brizzolara,* 56 Cal. 374.)

With respect to the sufficiency of the writing, it was held in *Concannon* v. *Smith,* 134 Cal. 14 [66 Pac. 40], that the statute does not prescribe any form in which the new promise shall be made, it being sufficient if the writing shows that the writer regards or treats the indebtedness as subsisting, and from the acknowledgment of a subsisting indebtedness the law implies a promise to pay; and in *Searles* v. *Gonzalez,* 191 Cal. 426 [28 A. L. R. 78, 216 Pac. 1003], that the writing must contain some reference to the debt which, either of itself or with the aid of competent evidence of extraneous facts in explanation, amounts to an admission that there is a debt existing to the creditor to whom the writing is sent for which the debtor is liable and which he is willing to pay.

It is not contended that a debt other than that represented by the note executed by appellant and his co-defendant Gough existed; and it was admitted by the former that the several sums referred to in the letters were paid thereon. None of the letters, however, directly referred to the debt; but in that of November 7, 1921, appellant states that the remittance inclosed is "to help out until I can get hold of Gough." The reference therein to Gough, taken with the circumstances shown by the testimony, clearly indicated that the amount was paid on the debt in question which, as the letter sufficiently shows, the writer regarded as a subsisting obligation.

While part payment alone. has been held insufficient as an acknowledgment within the above rule (*Clunin* v. *First Federal Trust Co.,* 189 Cal. 248, 253 [207 Pac. 1009]), such payment, nevertheless, when accompanied by a writing signed by the debtor and which recognizes the debt as subsisting, is relevant on the question of the writer's willingness to pay, and the above facts sufficiently supported the conclusion of the trial court in that respect.

In his letter of August 29, 1922, appellant attempts to qualify the promise implied from the transaction of November 7, 1921, and to limit his obligation to such monthly payments as he might be able to make from his surplus earnings. The new promise, however, was supported by a sufficient consideration (*Concannon* v. *Smith, supra*), and

the subsequent letter was insufficient to limit the obligation of appellant thereunder.

The motion to dismiss the appeal is denied and the judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 9, 1928.

All the Justices concurred.