[Civ. No. 6933. Second Appellate District, Division One.—November 4, 1931.]

LIZZIE LEHMAN, Respondent, v. D. S. NEWCOMER, Administrator, etc., Appellant.

Allard, Mitchell & Stead for Appellant.

J. E. Burnham, Nichols, Cooper & Hickson and D. P. Nichols for Respondent.

BISHOP, J., *pro tem.*—If the letter sent by deceased to plaintiff is a sufficient acknowledgment or promise of a new contract, by which to take this case out of the operation of the statute of limitations, then the judgment giving recovery on two promissory notes, long outlawed but for the letter, must be affirmed. We find the letter sufficient. Its pertinent part follows: "Now about the money we have of yours. I gave Clara the twenty-five dollars and I wish you would tell me how much interest is due yet and just when the notes are due. And I want to ask you if you would be willing for me to have the money another year, the same as before. We have it invested in the orange grove and I would

like to keep the grove as it is doing so well. We bought it on the payment plan, and from now on we expect it will take care of itself and in just a few years will be paid up and make me a very nice income.''

■ The provisions of section 360 of the Code of Civil Procedure that ''no acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of (the statute of limitations) unless the same is contained in some writing, signed by the party to be charged thereby'', have for their object, and effect, the establishment of ''a rule not with respect to the character of the promise or acknowledgment from which a promise may be inferred, but with respect to the kind of evidence by which the promise or acknowledgment shall be proved''. (*Ferguson* v. *Fonner*, (1927) 87 Cal. App. 590 [262 Pac. 337, 338]; *Barron* v. *Kennedy*, (1861) 17 Cal. 574.) The writing in this case was so signed, and was addressed to the plaintiff. Extrinsic evidence, to make certain the references in such a writing, is proper. (*Searles* v. *Gonzalez*, (1923) 191 Cal. 426 [28 A. L. R. 78, 216 Pac. 1003]; *Shirley* v. *Shirley*, (1927) 83 Cal. App. 386 [256 Pac. 823].) ■ So it appears, without question, that ''the money we have of yours'' was that for which the notes had been given. The statement that ''I gave Clara the twenty-five dollars'', the evidence sufficiently shows, referred to a sum given the plaintiff's daughter for the plaintiff, as a payment of interest on the notes. We have, then, the fact of payment, itself referred to in the writing, and a clear acknowledgment that the writer considered herself indebted to the plaintiff. This suffices to create a new obligation, without the statute. (*Minifie* v. *Rowley*, (1921) 187 Cal. 481 [202 Pac. 673]; *Shirley* v. *Shirley, supra; Ferguson* v. *Fonner, supra.*)

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.