[Civ. No. 13561.   Second Dist., Div. One.   June 6, 1942.]

Estate of THOMAS F. COLE, Deceased. G. SHERMAN COLLINS as Receiver, etc., Appellant, v. FRED L. COLE as Executor, etc., et al., Respondents.

O'Melveny & Myers and Jackson W. Chance for Appellant.

Morin, Newell, Brown & Hamill, Goudge, Robinson & Hughes and David A. Sondel for Respondents.

YORK, P. J.—Thomas F. Cole in his lifetime owned fifty shares of capital stock of the Negaunee State Bank of Michigan having a par value of $100 per share. On November 17, 1932, said bank went into liquidation and on February 6, 1933, an assessment of 100 per cent was levied on all outstanding stock. On June 12, 1933, appellant was appointed receiver for the said bank in liquidation. On December 19, 1938, said Thomas F. Cole paid $1,000 on account of the $5,000 assessment levied against his stock, and in July of 1939 he died. Thereafter, proceedings in probate were commenced in the estate of said Thomas F. Cole in the county of Los Angeles, and on January 30, 1940, there was filed in said estate appellant receiver's verified claim setting up the assessment liability of $5,000 less the credit of $1,000 paid on account thereof, plus interest at 5 per cent per annum from February 6, 1933 (the date the assessment was levied), or a total of $5,654.02. This claim was approved by the executors of said estate on December 11, 1939, and by one of the Probate Commissioners of the Superior Court of Los Angeles County on the day it was filed, to wit: January 30, 1940.

Accompanying said creditor's claim and filed on the same day were affidavits of appellant receiver, attached to one of which was a copy of a letter written to him by decedent, Thomas F. Cole, on June 8, 1937, and to the other affidavit copies of two letters were attached which had been written to appellant by decedent's son, Fred L. Cole, under dates of September 23 and December 19, 1938. Appellant deposed therein that said last named letters "are in fact and were intended to be the unconditional promise of the said Thomas F. Cole to assume and pay his obligation as aforesaid on said assessment."

On November 7, 1940, the first account current in the Estate of Thomas F. Cole was filed, showing the allowance and approval of appellant's claim. On January 11, 1941, respondent Union Investment Company, a creditor of said estate, filed its written objections to the said claim on the ground it was barred by the statute of limitations and that the superior

court had no jurisdiction under section 708 of the Probate Code to allow or approve the same.

On January 31, 1941, said objecting creditor also filed its notice of motion to vacate the order approving the allowance of said claim, basing said motion on the same reasons set forth in its objections to the first account current.

Upon trial on the objections and the motion, the trial court on August 23, 1941, sustained the objections, disallowed and disapproved appellant's claim, and rejected the same on its merits, and ordered the motion "off calendar" but without prejudice.

This appeal is prosecuted from such order disallowing and rejecting the said claim and adjudging that appellant receiver take nothing by reason thereof, and also from the order denying motion of receiver for leave to file an amendment to said claim.

It is contended that the letters, heretofore referred to, which passed between appellant and decedent, and between appellant and decedent's son, together with the check for $1,000 in partial payment of the assessment "constituted an acknowledgment by and on behalf of the decedent sufficient to take the case out of the statute of limitations, and that the estate is precluded from asserting otherwise by virtue of the course of negotiations between appellant and decedent."

Excerpts from the letters so relied upon by appellant follow:

Letter written by decedent to appellant on June 8, 1937:

"My dear Mr. Collins: Referring to the matter of payments on account of stock assessment of the Negaunee State Bank: You realize it is mighty hard to have to raise money to pay for the mistakes of others; yet this is the situation. Relative to payments, I beg to state that I have been exceedingly busy, and not only using every effort, but every Dollar I could command, to make more valuable, the Gold Properties I am developing, in order to take care of indebtedness such as this. I am thankful to be able to say at this time, that I believe I can start payments on the stock liability of the Negaunee State Bank; but I want your assurance in this matter, as to just what this amount of money which I am supposed to owe, amounts to. I feel, under the circumstances, I should not be charged with any Interest; and if you can arrange this, I shall begin paying on this supposed liability, by sending you $500.00 to apply in payment on the whole amount, and will send you, from time to time, additional sums, until the amount is liquidated."

Letter from appellant to decedent, dated September 19, 1938:

"Assessment. As you were notified in my letter of Aug. 17th, we have heard absolutely nothing from you since June 8, 1937 regarding the above matter. My counsel has advised me that the Statute of Limitations will shortly run and that it will be necessary to start suit. This, therefore, is to notify you that unless some satisfactory arrangements are made within the ensuing ten days, the claim will be forwarded to Pasadena attorneys with instructions to reduce to judgment."

Reply to above by decedent's son, Fred L. Cole, on September 23, 1938:

"My dear Mr. Collins: My father, Mr. T. F. Cole, has undergone a minor operation, and he is laid up in bed. He has been working hard to consummate a deal on his home here, which will enable him to put matters in your bank in good shape, and with special reference to assessment mentioned in your letter of September 19th, he asks that you hold matters in abeyance. In regard to the statute of limitations running, he will sign the necessary waivers of the Statute of Limitations to hold matters in shape. Hoping to hear that you will with-hold legal action. . . ."

Appellant's reply to above letter addressed to decedent's son, Fred L. Cole, under date of September 29, 1938:

"Adverting to your letter of the 23rd, as acknowledged in mine of the 26th regarding the matter of Assessment. My attorney has now advised me that in his opinion a mere waiver of the Statute of Limitations would not be satisfactory. He suggests that Mr. Cole give a note for the amount due."

Letter of appellant to decedent's son dated December 12, 1938:

"I presume you have just about returned to California from the East and hence will probably be in position to advise me as to what action I can expect in relation to the matter of the assessment.

"In September, you will recall, I wrote you calling particular attention to the fact that the Statute of Limitations will shortly run and that it will be necessary for us to take action prior to that time. I trust that you have found your father sufficiently recovered so that it will be possible for you to discuss the matter with him, as was agreed in your letter of October 4th.

"Of course, you understand that I am acting under the direction of the Circuit Court and that this matter must positively be disposed of well in advance of the date that the Statute of Limitations will commence to run; consequently, I am hopeful that it will be possible for you to write me definitely within the next few days."

One week thereafter decedent drew the following check: "T. F. Cole No. 2485 Pasadena, California, Dec. 19, 1938

Pay to the order of G. Sherman Collins, Receiver, Negaunee State Bank $1000.00 Exactly One Thousand Dollars Dollars Oak Knoll Branch, Security First-National Bank of Los Angeles Lake & Colorado Pasadena T. F. COLE" 90-1231

12

The letter transmitting the above check for $1,000 reads as follows:

"Thomas Frederick Cole

1230 South Oakland Avenue,
Pasadena, California
December 19th, 1938

"*Stock Assessment Negaunee State Bank, Negaunee, Michigan.*

"My dear Mr. Collins: I have your letter of December 12th, which I find on my return here from the East—regarding Negaunee State Bank affairs.

"As we have stated from time to time, Mr. T. F. Cole plans to take care of this item whenever funds are available. I am sending you herewith, Mr. T. F. Cole's check in the sum of $1,000.00 to apply in part payment of the assessment levied on the stock of Negaunee State Bank. Mr. T. F. Cole will make further payments from time to time, as circumstances will permit. . . . Very truly yours, Fred L. Cole.

To: Mr. G. Sherman Collins,
Receiver, Negaunee State Bank,
Negaunee, Michigan."

The court found, among other things, that appellant's claim "was barred by the Statute of Limitations of the State of California, and particularly by section 359 of the Code of Civil Procedure at a date not later than February 6, 1936"; and that the superior court "had no right, power, authority

or jurisdiction to in any manner approve or allow said claim or any part thereof.'' .

■ It should be noted at this point that while an action on stockholders' liability must be brought in this state ''within three years after . . . the liability was created'' (§ 359, Code Civ. Proc.), such action is not barred in the State of Michigan until the expiration of six years. Consequently, the part payment upon the debt was made and the correspondence (which it is claimed tolled the running of the statute in California) passed between the parties *long after* the claim was barred in this state, to wit: February 6, 1936, *but before* it was barred by the Michigan statute, i. e., February 6, 1939. However, at the time the claim was filed in the probate proceedings on January 30, 1940, an action arising thereon was barred in both states.

Further, in each of the letters written in the fall of 1938, heretofore referred to, reference was made to the statute of limitations—presumably the Michigan statute—and in his letter of September 19, 1938, addressed to decedent, appellant threatened to forward the claim to Pasadena attorneys with instructions to reduce it to judgment, apparently not realizing that an action on the claim was at that time barred in California.

In the case of *Richardson* v. *Craig,* 11 Cal. (2d) 131, 134, 138 [77 P. (2d) 1077], it was held that section 359 of the Code of Civil Procedure applies ''to suits to enforce bank stockholders' liability originating under the laws of other jurisdictions. . . . and under its provisions the statute commences to run when the liability is *created* . . . that it (the liability) was created when the assessment was *levied,* though the cause of action did not accrue until a short time afterward.'' (Citing *Johnson* v. *Greene,* 14 F. Supp. 945.) (Emphasis included.)

''It is a principle of conflict of laws recognized in California that the barring of a claim by the statute of limitations is a procedural matter *governed by the law of the forum,* regardless of where the cause of action arose. (*McElmoyle* v. *Cohen,* 38 U. S. [13 Pet.] 312 [10 L. Ed. 177]; *Townsend* v. *Jemison,* 50 U. S. [9 How.] 407 [13 L. Ed. 194]; *Royal Trust Co.* v. *MacBean,* 168 Cal. 642 [144 Pac. 139]; *Miller* v. *Lane,* 160 Cal. 90 [116 Pac. 58].)'' (*Biewend* v. *Biewend,* 17 Cal. (2d) 108, 114 [109 P. (2d) 701, 132 A. L. R. 1264].) (Emphasis included.)

■ Since it appears that the documents, relied upon by appellant as an acknowledgment by decedent of his liability to pay the assessment, were written after the obligation to pay the same was barred by the statute of limitations of this state, they must be sufficient to constitute a new promise, even though such new promise be merely implied therefrom. (*Vassere* v. *Joerger,* 10 Cal. (2d) 689, 693 [76 P. (2d) 656].) And any action brought must be upon the new promise and not upon the old debt. (16 Cal. Jur. 595, 596, § 192.)

As heretofore stated, when appellant filed his claim in the Estate of Thomas F. Cole, he also filed affidavits attached to which were copies of the letters relied upon as the "unconditional promise of the said Thomas F. Cole to assume and pay his obligation as aforesaid on said assessment," which apparently was an attempt to comply with the rule of law above enunciated.

■ The provisions of section 360 of the Code of Civil Procedure that no acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of the statute of limitations "unless the same is contained in some writing, signed by the party to be charged thereby," as was stated in *Lehman* v. *Newcomber,* 118 Cal. App. 145, 147 [4 P. (2d) 994] : "have for their object, and effect, the establishment of 'a rule not with respect to the character of the promise or acknowledgment from which a promise may be inferred, but with respect to the kind of evidence by which the promise or acknowledgment shall be proved.' (*Ferguson* v. *Fonner,* (1927) 87 Cal. App. 590 [262 Pac. 337, 338] ; *Barron* v. *Kennedy,* (1861) 17 Cal. 574.) . . . Extrinsic evidence to make certain the reference in such a writing, is proper. (*Searles* v. *Gonzalez,* (1923) 191 Cal. 426 [28 A. L. R. 78, 216 Pac. 1003] ; *Shirley* v. *Shirley,* (1927) 83 Cal. App. 386 [256 Pac. 823].)"

In commenting upon said section in the case of *Foristiere* v. *Alonge,* 98 Cal. App. 563, 566 [277 Pac. 367], the court said : "and in construing said section it was held in *Southern Pacific Co.* v. *Prosser,* 122 Cal. 413 [52 Pac. 836, 55 Pac. 145], that 'the distinct and unqualified admission of an existing debt contained in a writing signed by the party to be charged, and without intimation of an intent to refuse payment thereof, suffices to establish the debt to which the contract relates as a continuing contract, and to interrupt the running of the statute of limitations against the same; from

such an acknowledgment the law implies a promise to pay (Code Civ. Proc., § 360; *McCormick* v. *Brown*, 36 Cal. 180, 184, 185 [95 Am. Dec. 170]; *Biddel* v. *Brizzolara*, 56 Cal. 374; *Tuggle* v. *Minor*, 76 Cal. 96 [18 Pac. 131]; Wood on Limitations, §§ 68, 85).' "

In the case of *Searles* v. *Gonzalez*, 191 Cal. 426, 429, 430, 431 [216 Pac. 1003, 28 A. L. R. 78], in which checks accompanied by notices of installments due on a promissory note were relied upon as tolling the statute of limitations, it was said: "The checks, by themselves, do not meet the requirements of section 360 of the Code of Civil Procedure. (*Clunin* v. *First Fed. Trust Co.*, 189 Cal. 248 [207 Pac. 1009]) . . . Two pertinent facts in the Clunin case differentiate it from the case at bar. There the checks were separated from the stubs to which they were originally attached, and on which appear the memoranda of the purpose for which they were executed; and they were not accompanied by any letter or other writing. The notations on the stubs were not in any manner communicated to the holder of the note. None of the checks was for the exact amount of interest due, but *all included sums for other purposes.* A memorandum or promise, binding under the statute of frauds, may be gathered from several writings between the parties with reference to the subject matter and so connected with each other that they may fairly be said to constitute one paper relating to the contract. . . . If one of the series of papers which appear to have some relation to the same matter is signed by the party to be charged, this is enough, as all the papers are to be considered together as forming one contract or memorandum. There is no doubt, also, that parol evidence is admissible to identify any paper referred to." (Emphasis added.)

At the trial herein, Fred L. Cole, decedent's son and executor of his estate, testified as follows with respect to the check for $1,000 and the letter transmitting it to appellant:

"My father had been confined pretty much to his bed since October 1st, but in December he was allowed to move about a little bit and on December 19th, after the usual visit by the doctor early in the morning he took a partial bath about 10:00 o'clock in the morning and after 10:30 came downstairs. He came into the room which served as our office and took his check book and wrote that morning five different checks, and made an entry of two deposits in the bank. I had left the room, as I recollect, and then he called me back in

and he handed me these five checks and told me to distribute them to the parties, and said, 'Send Mr. Collins' check' . . . And then he left the office and I attended to the dictation, and he went on back upstairs and went to bed. And the nurse's report of that day showed that after he ate his lunch he slept all the rest of the afternoon. Q. And you then dictated the letter that day, being the letter of December 19th, 1938, and had it mailed with the check that has been received in evidence? A. Yes, sir.'' Said witness was then asked: ''Q. Is there any other claim of indebtedness, or has there been any other claim of indebtedness say since the first of January, 1936, claimed to be owing by G. Sherman Collins, the Receiver of the Negaunee State Bank, upon your father, T. F. Cole, prior to his death, other than this claim based upon the liability of the 50 shares of stock in that bank? . . . A. Yes, that was the only claim.''

The letter of decedent to appellant written on June 8, 1937: ''Referring to the matter of payments on account of stock assessment of the Negaunee State Bank: You realize it is mighty hard to have to raise money to pay for the mistakes of others; yet this is the situation. Relative to payments, I have been very busy . . . in order to take care of indebtedness such as this. I am thankful to be able to say at this time that I believe I can start payments on the stock liability of the Negaunee State Bank, but I want your assurances in this matter as to just what this amount of money which I am supposed to owe, amounts to''; together with the check for $1,000 drawn and signed by decedent in favor of G. Sherman Collins, Receiver, Negaunee State Bank, and transmitted in a letter written by decedent's son, which identified the check as ''part payment of the assessment levied on the stock of the Negaunee State Bank,'' constituted an unequivocal acknowledgment of an existing indebtedness without any intimation on the part of the decedent to refuse payment thereof, and was sufficient to toll the running of the statute of limitations.

No mention is made by appellant in his briefs with respect to his appeal from the order denying his motion for leave to file an amendment to his claim, consequently, he is deemed to have abandoned the same.

The order disallowing and rejecting appellant receiver's claim is reversed, and the trial court is directed to overrule the objections made thereto, to reinstate and allow said claim

and order it paid in the course of administration of above entitled estate. The appeal from the order denying motion for leave to file an amendment to said claim is dismissed.

Doran, J., and White, J., concurred.

A petition for a rehearing was denied June 29, 1942, and respondents' petition for a hearing by the Supreme Court was denied August 3, 1942. Gibson, C. J., and Carter, J., voted for a hearing.