HEIRS OF JOAQUÍN RODRÍGUEZ AND HIS WIFE MARÍA DEL PILAR RODRÍGUEZ PRIETO, Plaintiffs and Appellants, *v.* RAMONA VIRELLA ET AL., Defendants and Appellees.

No. 8585. Argued June 1, 1943.—Decided November 30, 1943.

*V. Polanco de Jesús* for appellants. *E. Pérez Casalduc* for appellees.

MR. JUSTICE SNYDER delivered the opinion of the court.

In 1928 José Torres signed a promissory note for "value received" in favor of *Sucesión de* Joaquín Rodríguez payable on demand for $1,408.57. Suit for collection thereof was

filed in 1939. Presumably in anticipation of the defense of prescription, the plaintiffs alleged, in spite of the fact that the note was on its face a demand note, that at the time of its execution a verbal agreement had been entered into between the maker and payee that the note would be paid "late", the verbal agreement providing that every year during the months of November and December the note would be presented for payment in whole or in part. The plaintiffs further alleged that, in accordance with the said agreement, the note was presented for payment during the winter of every year from 1929 to 1937, but that no part thereof was ever paid. They alleged that after the maker died in 1937, the note was presented to his *Sucesión*, and that one of his heirs had offered in 1938 a certain settlement which was not acceptable to the plaintiffs.

After a trial at which evidence in support of the aforesaid allegations was introduced, the court, at the close of the plaintiff's case, granted the demurrer originally filed by the defendants on the ground of prescription. The plaintiffs appealed from that judgment.

 Since the promissory note herein was executed and delivered prior to passage in Puerto Rico of the Uniform Negotiable Instruments Act, the provisions of the latter do not apply to this case (§547, Code of Commerce, 1932 ed.; *Dávila* v. *Heirs of González,* 60 P.R.R. 418). Section 946 of the Code of Commerce provides for a statute of limitations of three years after maturity for promissory notes. Since the note herein was a demand note, the statute of limitations would begin to run, at the latest, on the date it was presented for payment (See §1869, Civil Code, 1930 ed.; cf. *Dávila* v. *Heirs of González, supra*). And the plaintiffs' own allegations and testimony were that a demand was made in 1929. Under those circumstances, the note in question would ordinarily have long since prescribed. The only possible basis for an argument to the contrary was the alleged

oral agreement noted above. However, that alleged oral agreement, conflicting as it does with the terms of the note, cannot prevail over the provisions found on the face of the note, by virtue of §387 of the Code of Civil Procedure (1933 ed.), which reads in part as follows:

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore, there can be between the parties and their representatives, or successors in interest, no evidence of the terms of the agreements other than the contents of the writing, . . .".

This court, in applying §387, has said that "This rule is something more than a mere question of proof. It is a declaration of policy by the Legislature. It is designed, like the English Statute of Frauds of which it is the offspring, to prevent controversies of the nature before us. The contract is to be considered as containing all the terms and there can be no evidence of the terms of the agreement other than the contents of the writing." (*Morales* v. *Díaz*, 24 P. R.R. 691, 94). We make it clear that we hold in this case only that an oral agreement can not vary a written agreement when its terms conflict with the latter. Among others, supplemental oral agreements which do not have this effect, as well as oral agreements explaining ambiguities, stand on a different footing. (See §387, Code of Civil Procedure; Restatement, Contracts, §§237, 241).

██ As already indicated, one of the heirs of the maker of the note allegedly made an unaccepted oral offer of settlement in 1938. Assuming, without deciding, that this was sufficient under §941 of the Code of Commerce to constitute an acknowledgment of the alleged debt involved herein, §48 of the Code of Civil Procedure provides that such an acknowledgment must be in writing. (See *Lange* v. *Honoré*, 51 P.R.R. 690; *Heirs of Franceschi* v. *González*, 42 P.R.R. 901; *In re Cole's Estate*, 126 P. (2d) 660, 63, 64 (Calif., 1942;) *Ferguson* v. *Fonner*, 262 P. 337 (Calif., 1927); cf.

135 A.L.R. 433). It remains only to note that the alleged offer of compromise as such does not aid the appellants in the instant case. An unaccepted offer of compromise, standing alone, is not sufficient to toll or to remove the bar of the statute of limitations. See cases cited in 12 A.L.R. 544.

The judgment of the district court will be affirmed.